ANDRÉ BIROTTE JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4600
Facsimile:   (213) 894-0115
Email:Gavin.Greene@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: Brian.H.Corcoran@usdoj.gov

Attorneys for Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | **CV11 01175 DDP SSx** |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil No. |
| DAVID CHAMPION, | ) | **Complaint for Permanent Injunction and Other Relief** |
| Defendant. | ) | |

Plaintiff United States of America, for its complaint against Defendant David Champion ("Champion") seeking a permanent injunction pursuant to 26 U.S.C. ("I.R.C.") §§ 7402 and 7408 to prohibit him from further promoting his fraudulent "nontaxpayer" tax scheme, states as follows:

## Jurisdiction and Venue

1. This action has been requested by the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to the provisions of I.R.C. §§ 7402, and 7408.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and I.R.C. §§ 7402(a) and 7408.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim in this lawsuit occurred in the Central District of California.

## Overview

4. During the time period relevant to this lawsuit, Champion lived in Los Angeles, California, although he presently resides in Nevada. Champion does not have a college degree and appears to have no formal education in the areas of constitutional and tax law.

5. Through two related websites, personal appearances on radio and television programs, and the services he provides directly to customers, Champion promotes an abusive tax scheme based on the false and frivolous claim that individual U.S. citizens can entirely opt out of federal income taxation. As Champion says on his website "nontaxpayer.org," "if you are a nontaxpayer, or believe that under the law you should be a nontaxpayer," you can structure your private financial affairs "to avoid being wrongfully ensnared into the 'taxpayer' status." Based upon this frivolous concept (which Champion actively spreads), Champion purports to help his

customers arrange their personal and business affairs to maximize the benefits of their special status - in particular, to evade the payment of federal taxes.

6. Champion's conduct has resulted in denying the Government substantial tax revenue owed by his customers, while requiring the Government to devote time and resources to examining the tax returns of his customers and investigating Champion's misconduct.  Many of Champion's customers have faced not merely civil but also criminal liability for following the course of conduct urged and outlined by Champion.  Accordingly, Champion should be enjoined from continuing to promote his tax-fraud schemes.

## Champion's Background

7. Although Champion claims to be a U.S. tax law expert, he has little in the way of demonstrable formal education, holding himself out only to be a self-taught "paralegal."  Champion has acted in advisory capacity on legal and tax issues in two congressional campaigns, however, and has also provided his services as an advisor to some of his customers in litigation with the Government.

8. Champion has not filed a federal income tax return since 1995.  He was audited by the IRS in 1993 for the 1985 to 1990 tax years. For those years, as well as 1996 and 1997, he has an unpaid tax liability exceeding $800,000, exclusive of penalties and interest.

## Basis of Champion's "Nontaxpayer" Scheme

9. Champion embraces a cornucopia of frivolous Constitutional claims, all of which coalesce around the general concept that the majority of American citizens do not fit within the definition of "taxpayer" and thus are not subject to the internal revenue laws.

10. To begin with, Champion makes the frivolous claim that federal income tax is limited by the Constitution (*i.e.*, the 16th Amendment) to include only income in the form of dividends, patronage dividends, and interest from corporate investment.

11. Champion asserts on his websites that the Constitution mandates two rules for how the Government can lay direct and indirect taxes, but based upon Article 1 the income tax is not properly applied to individual income. Most Americans, he says further, do not owe taxes under Subtitle A or C of the Internal Revenue Code. Champion also claims that case law distinguishes between 'income' and '16th Amendment income,' defining 16th Amendment income as income arising solely from corporate activities. The only other kinds of activity subject to federal taxation, he maintains, are dealing in distilled spirits, doing business in tobacco products, engaging in activities covered under Subtitle D of the Code, or federal employment as described in I.R.C. § 3401(c). Champion defines these activities as "excise tax activities."

12. Champion's frivolous tax claims also rely on the false distinction, for federal tax purposes, between "business" and "private affairs." According to Champion, an American citizen who earns his living from a non-regulated activity is not involved in a "business." Rather, he falsely asserts that such a citizen is engaged in the pursuit of his private affairs, which are not taxable. As long as the individual keeps his affairs private, and does not allow himself or his activities to become subject to Government regulation, Champion asserts, that individual can maintain this nontaxable status.

### Specific Aspects of Champion's Scheme

13. Building upon these frivolous claims, Champion assists people who have taxable income and are required by federal law to file income and employment tax returns evade entirely their tax obligations by "dropping out of the system." For a fee, Champion consults with his customers, helping them negotiate their business affairs in a number of ways discussed herein.

14. To advertise his services, Champion owns and maintains two websites: "www.orignalintent.org," which he started in approximately 2001 or 2002, and

"www.nontaxpayers.org," which he started in about 2002 or 2003. Champion's customers are directed to contact him through his website "www.nontaxpayer.org." Champion also has in the past promoted his illegal scheme through his own independent radio program (http://www.americanradioshow.us/) that has been aired through webcast, satellite (ABC StarGuide III, AMC8, ABC NY, Galaxy 4R, and ComStream Digital), regular commercial stations (KNAK 540 AM – Delta, Utah), as well as the Accent Radio Network.  And he has promoted his scheme on television programs, often speaking on the "fraudulent misapplication of U.S. tax law."   In 2010, and as discussed in greater detail below, he also self-published some materials containing his claims as another means of selling the services he markets to customers.

15. Champion actively solicits customers via his "nontaxpayer.org" website, inviting potential customers to make an appointment with him at the rate of $300 per hour. (*See* http://www.nontaxpayer.org/appointment.php). He benefits economically from the services he provides his customers, in the compensation he has received. Champion has sent invoices to his customers and required that "all invoices must be paid in cash," in keeping with his overall "nontaxpayer" scheme of tax evasion.

16. Champion's scheme is premised initially on the claim that he will only "work" with individuals who have already determined that they are nontaxpayers, *i.e.*, those upon whom Federal tax law purportedly does not impose any tax or duty. Champion therefore requires his customers to certify in advance that they are already "nontaxpayers" by signing a "Disclaimer Notice" before he will agree to assist them.

17. The fact that Champion requires such disclaimers underscores his awareness of the falsity of his scheme.  Because he purports not to educate individuals on their status as a taxpayer or nontaxpayer, Champion asserts, it is the individual customer who determines whether he or she is subject to Federal tax or duties (and therefore, ***they*** - and not Champion - who are at fault if they happen to be

incorrect about their "nontaxpayer" status). Thus, Champion attempts to distance himself at the outset from the illegal advice he provides his customers by pretending that he has no responsibility for the outcome.

18. Once a customer signs the disclaimer, Champion makes himself available (for a fee) to assist that customer with structuring his or her private financial affairs to evade payment of income and payroll taxes. To this end, Champion provides customers advice, helps them prepare paperwork (*e.g.,* correspondence on their behalf or contractual documents to help the customer establish a trust), or assists them, like an advocate, in explaining their supposed "nontaxpayer" status to their employers or business associates. He also informs them that, as with him, their nontaxpayer status means they need not file federal tax returns.

19. In educating his customers about the benefits of the nontaxpayer "lifestyle," Champion urges customers to avoid disclosing certain information, and avoid acting in certain ways, that might make it appear as if they concede they are taxpayers. To this end, Champion instructs customers not to do such mundane things as get a business license, file tax returns, perform employee tax withholding, acquire a Taxpayer Identification Number ("TIN"), or provide anyone with the TIN. He also instructs customers to refuse to provide a TIN when required, refuse to sign IRS Forms W-4 and Form W-9, refuse to withhold and pay employee taxes, and refuse to issue IRS Forms 1099 in connection with business transactions.

20. Champion also advocates on behalf of his customers to tell others of his customers' supposed nontaxpayer status. Thus, Champion will write letters to a customer's employer explaining that the customer has no tax payment or reporting requirements and thus need not possess or furnish his employer with a TIN. He will also write letters to the customer's union asking for justification for the requirement that union members have and/or provide to others a Social Security Number. And he has written objecting letters on his customers' behalf to third party record-keepers

when such third parties have been served with IRS summonses seeking information relating to the customer.

*Formation of Sham "Pure Trusts"*

21. Another service Champion provides to his customers is the preparation of documents to establish "pure trusts" - a variation on a sham common-law trust often used by taxpayers to evade their income tax obligations.  Champion helps his customers transfer their assets into these trusts, and will also in some cases act as trustee.

22. Champion falsely informs his customers that so-called pure, or common-law, trusts have no federal tax filing requirements, and are therefore not obligated to pay federal taxes with respect to their income and assets. His assertions are based upon the false claim that the U.S. Constitution prohibits states from impairing the "obligation of contracts," and therefore trusts created as a matter of contract are exempt from federal taxation.

23. There is a yawning distinction between a valid trust, for federal income tax purposes, and the sham trusts promoted by Champion.  In a valid trust, legal title to property is conveyed to an independent trustee, who is then responsible for utilizing that property for the benefit of another person (the beneficiary).  The beneficiary lacks legal title and exercises no control over trust operations but enjoys some benefits of ownership (*e.g.* income earned from trust assets). The IRS recognizes numerous types of legal trust arrangements, and they are commonly used for estate planning or holding of assets for beneficiaries.  (*See* "Abusive Trust Tax Evasion Schemes", http://www.irs.gov/businesses/small/article/0,,id=106538,00.html).  By contrast, if the owner of property transferred to a trust continues to retain an economic interest in or control over that property, the Internal Revenue Code treats the owner as the owner of the trust property, and transactions involving that property are properly taxed to the owner. *See* I.R.C. § 671 *et seq.*

24. Accordingly, as a matter of law, trusts of the sort promoted and established for customers, by Champion, have repeatedly been found by federal courts to be sham entities lacking economic substance, either because the grantors of the trusts were liable for the trusts' income, or because the trusts were mere nominees for their grantors. *See, e.g., Barmes v. Commissioner*, T.C. Memo. 2001-155, 2001 WL 732879 (U.S. Tax Ct. June 28, 2001)(income is taxable "to the one that earns it," and therefore "[a]ttempts to subvert this principle by diverting income away from its true earner to another entity by means of contractual arrangements, however cleverly drafted, are not recognized as dispositive for Federal income tax purposes"), *aff'd* No. 01-3517, 2002 WL 652089 (7th Cir. Feb. 21, 2002); *Barmes v. Internal Revenue Service*, No. TH 97-287-C-T/F, 2004 WL 1005493 (S.D. Ind. Mar. 29, 2004)(trusts were nominees for taxpayers because taxpayer placed into them property over which he retained control and because he ran the trusts for no consideration and in anticipation of the occurrence of tax liabilities).

25. In the course of its investigation of Champion's conduct, the IRS subpoenaed documents from Champion relating to 15 such pure trusts that he has helped prepare and establish. Although the precise form of these trusts vary (some are termed "Sovereignty Pure" trusts, while others are called "American Pure" trusts or "Original Intent Trust Services"), all have similar characteristics.

26. For example, although many of the trust documents produced to the Government by Champion purport to be "in the nature of an irrevocable trust," the IRS's review of the trust documents consistently found in each case that the settler/grantor had the ability to decree how the trust would terminate, as well as the power to terminate the trust after twenty years. The fact that the trust grantors could exercise such control over the trust meant they were anything but "irrevocable."

27. Similarly, the IRS reviewed the trustee meeting minutes of one trust established by Champion and found that the trust settler was also the trust's

Managing Agent, with the authority to open bank accounts, possess signatory authority over such bank accounts, and to exercise "delegated authority" from the trustee in accordance with the trust's documents. Other trusts explicitly empowered their trustees to appoint officers such as a Managing Agent - likely the settler - who would possess the power to open trust bank accounts and exercise signatory authority over the same. None of the 15 trusts established by Champion, of which the IRS is aware, have ever filed a Form 1041 income tax return.

28. Regardless of the form, Champion's intent in assisting his customers to create such trusts is the same: evade federal income taxes by assigning the individual's income to the trust. Such trusts are invalid for federal tax purposes, regardless of whether their creation accords with state law. "Frivolous Tax Returns; Use of Sham Trusts," Rev. Rul. 2006-19, 2006-1 C.B. 749 (2006).

*Other Services Provided by Champion to Customers*

29. Champion has also helped customers locate and establish "warehouse bank" accounts, in which all of a customer's funds are commingled, to prevent funds from flowing through the customers' commercial bank accounts and thus evade the detection of income by the IRS.

30. In addition, Champion has provided instruction to his customers so that they may exercise self-help in maximizing their purported nontaxpayer status. For example, Champion previously made available on his website www.nontaxpayer.org a document catalog listing documents available to his customers (the IRS obtained this catalog in the context of the administrative summons discussed below, although the catalog appears to have since been removed from the website).

31. That catalog listed categories of documents including banking documents, lender documents, real estate documents, withholding documents, TIN request responses, levy and garnishment documents, materials assisting customers in obtaining passports without disclosure of a Social Security number, and instructions

on rebutting information returns, among other things.   Champion's related "originalintent.org" website also provides a wealth of information "educating" taxpayers on who is or is not properly considered a "nontaxpayer," thus (and despite Champion's claims that he only takes on customers who are confirmed "nontaxpayers") encouraging potential customers to take their first steps toward becoming a "nontaxpayer."

### Champion's Customers Pay a Price for Taking his Advice

32. Champion's customers have repeatedly found that paying him to help them maximize their "nontaxpayer" status results in the same unhappy ending: Government scrutiny, whether in the form of an IRS investigation, audit, or criminal and civil charges being brought against the taxpayer/customer.

*James and Leslie Iannitti*

33. James Iannitti was an equipment finance broker operating his business under the name "Intermax Holding." Iannitti and his wife were just the sort of customers Champion looks for, as they had previously ceased filing federal income tax returns in 2004, but there is no doubt Champion performed several tasks for them to help them take maximum advantage of their "nontaxpayer" status.   Indeed, Mr. Iannitti was pleased enough by the results to place a testimonial to Champion's competence on the "nontaxpayer.org" website. ("With Dave on my side, I don't need to be an expert on every issue that may be important to living as a nontaxpayer"). The Iannittis paid Champion approximately $5,000 for the services he provided them, which included the preparation of a "pure trust."

34. In 2006, one of Intermax's clients had asked it to disclose its TIN so that the client could issue a Form 1099 in connection with commissions it had paid Intermax. In response, Intermax and Mr. Ianitti informed the client that as a "Pure Trust Organization," it was exempt from all U.S. Taxation, and therefore did not possess the requested taxpayer identification information. Champion subsequently

1    corresponded with the client on behalf of Intermax (signing the correspondence as

2    trustee of Intermax) purportedly corroborating this supposed fact.

3         35. The client's CPA, however, disputed the accuracy of this statement and

4    determined on her own that it was incorrect. She informed the IRS of the situation

5    and asked for its guidance in preparing a Form 1099.

6         36. Thereafter, in September of 2007, the IRS examined the Iannittis' federal

7    income tax compliance for the 2005-2006 tax years (eventually expanding the

8    examination to include 2007 as well). After being notified of the examination, the

9    Iannittis disputed the propriety of the examination, frivolously asserting that they

10   were "nontaxpayers," and that there was nothing in the Internal Revenue Code

11   requiring them to file an income tax return.

12        37. The Iannittis eventually chose to cooperate with the IRS examination. They

13   informed the IRS that Champion had helped them draft the Intermax trust's operating

14   documents, and had also written letters for them repeatedly telling third parties of the

15   company's "nontaxpayer" status, among other things.  Champion had also assisted

16   the Iannittis in opening a warehouse bank account (held under the name "Genesis

17   Accounting Concepts, LLC").  Champion uses the same warehouse bank account

18   structure for his own businesses.

19        38. The Iannittis ultimately agreed to dissolve the Intermax Holding Trust and

20   to report the income and expense from their business activity on federal income tax

21   returns which they filed with the IRS.   Their returns were later opened for

22   examination and resulted in unpaid tax liability exceeding $15,000.

23   *Patrick and Christopher Linstruth*

24        39. Patrick and Christopher Linstruth own a company called L2 Enterprises

25   d/b/a QNET, a full-service Internet provider. Champion assisted the Linstruths in

26   restructuring their financial affairs in order to maximize the benefits of their

27   "nontaxpayer" status, provided advice to them, helped them prepare trust documents,

28

and engaged in a letter-writing campaign to inquiring parties in order to explain to them why L2 Enterprises supposedly did not have to possess or furnish a TIN.

40. In response to an IRS examination of the Linstruths' tax liabilities for the 2001-2003 tax years, both Linstruths asserted the kinds of frivolous legal arguments that the Iannittis had also initially interposed to frustrate Government efforts to ascertain their actual tax liability. The Linstruths also opposed the IRS administrative summonses served upon them.

41. Both of the Linstruths eventually agreed to cooperate with the IRS examinations. As a result of the examinations, Patrick Linstruth and his wife have been found liable for more than $120,000 in taxes for the 2001 and 2002 tax years, while Christopher Linstruth has been determined to be liable for more than $80,000 in taxes for the 2002 tax year alone.

*Richard Simkanin*

42. Richard Simkanin was a Champion customer in the late 1990s. He provided a testimonial on Champion's website in which he admits that he paid Champion to help him "educate" the employees of his company, Arrow Custom Plastic, about the grounds for his decision to stop withholding payroll taxes from their compensation. ("I felt that is was extremely important to have a person from outside the company to explain what the federal tax laws say and where to find these laws for themselves"). Simkanin also paid Champion to prepare and make a three-hour presentation for his employees, a video tape of which the IRS possesses.

43. In 2004, Simkanin was convicted of criminal charges in federal court for failing to collect and pay over employment taxes of $175,032, presenting false claims, and failing to file income tax returns. *U.S. v. Simkanin*, No. 4:03-CR-00188-ALL (N.D. Tex. Jan. 7, 2004), *aff'd*, 420 F.3d 397 (5th Cir. 2005).

44. Simkanin had been a member of "We the People," an organization that, like

1  Champion, falsely informed customers that there is no law requiring most Americans

2  to pay income taxes or most companies to withhold taxes from employees paychecks,

3  and that the 16th Amendment was fraudulently ratified.  At trial, Simkanin attempted

4  to establish that he held these beliefs in good faith, but his "defense" was rejected.

5      45. Champion has acknowledged the prior assistance he provided to Simkanin

6  on his "nontaxpayer.org" website.  In reaction to Simkanin's conviction - the

7  foreseeable result of following Champion's "nontaxpayer" practices - Champion

8  simply doubled down, urging readers not to reconsider the legality of their actions,

9  but instead to do a better job of hiding their nontaxpayer "status" (*e.g.,* by dissolving

10  their corporations or avoiding the public airing of their views).

## Resistance to Government Investigative Efforts

12      46. As part of the assistance Champion provides his customers in evading their

13  tax obligations, Champion also instructs his customers how to avoid government

14  detection, and then to resist Governmental investigative efforts once a customer's

15  "nontaxpayer" pose is challenged.  For example, consistent with his advice that so-

16  called nontaxpayers not file income tax returns, Champion advises customers with

17  businesses to cancel their existing Employer Identification Number (EIN) as a way

18  to evade payment of their employer payroll tax obligations.  He also tells customers

19  to dissolve existing corporations, rather than merely suspending them, so that any

20  prior tax identifiers for the corporate entity are eliminated (even while the business

21  continues to operate). And he instructs his customers never to request refunds for

22  taxes they have already paid because the Government will go after a refund-filing

23  nontaxpayer "like a rabid dog."

24      47. Champion has himself personally gone to great lengths to resist efforts by

25  the IRS to investigate the scope of his conduct.  On February 15, 2006 the IRS issued

26  an administrative summons to Champion.   After his failure to comply, the

27

28

Government brought a petition to enforce the summons on March 6, 2008, in the United States District Court for the Central District of California.

48. Thereafter, at a hearing on April 30, 2008, Champion agreed to produce the requested documents and the Court issued an order for him to appear before the IRS and comply with the summons. When he finally appeared for interview by the IRS, however, Champion proceeded to invoke the Fifth Amendment, refusing to answer questions, provide documents requested by the summons, or confirm whether such documents even existed.

49. The United States subsequently moved to hold Champion in contempt. *United States v. Champion,* No. CV08-01629-PA-JWJx (July 1, 2008 (Docket No. 24)).  After a hearing was held on September 8, 2008 (over two years after issuance of the initial summons), Champion was found to be in civil contempt and taken into custody. Only at this point did he agree to turn over the summoned materials.

### Champion is Aware of the Falsity of his Promotion

50. Champion knows or has reason to know that the representations he makes to customers about their status as "nontaxpayers" and purported concomitant rights are frivolous and false.  As noted above, many of his customers (such as Richard Simkanin) have had their claims "tested" in federal court and found completely baseless, and Champion is aware of the results of such cases.

51. Champion is also aware of the results that third parties have faced in embracing and acting upon the frivolous claims he promotes to his customers. In 2004, a taxpayer named Joe Pensyl was convicted in an Ohio federal court of attempted tax evasion after he had failed to report income derived from his dental practice, rental properties, and other investments by concealing his assets and income through the use of trusts and by failing to file tax returns - precisely the kind of conduct promoted by Champion. *See generally United States v. Pensyl,* 387 F.3d 456 (6th Cir. 2004).  Pensyl also had failed to withhold payroll taxes for the employees of

1   his dental practice during that same period. Champion was retained by Pensyl's

2   attorneys during the course of the case to assist them in reviewing the Government's

3   evidence, and so became aware of the facts relevant to Pensyl's case.

4      52. As with the Simkanin case, Champion used the example of the Pensyl case

5   as a "teachable moment" for the readers of his "nontaxpayer.org" website. However,

6   he cited it not to warn potential customers about the dangers of relying on the

7   frivolous advice he doles out, but instead to illuminate "common mistakes to watch

8   for." In particular, Champion criticized Pensyl for not adhering to his "nontaxpayer"

9   status, because Pensyl had done things such as obtaining a TIN, or put down his

10  Social Security number on other forms. Pensyl had thus supposedly "cooked his own

11  goose" by failing to recognize that "nontaxpayers don't use federal tax "identifying

12  numbers." *See* http://www.nontaxpayer.org/theworld/Common%20Mistakes.html.

### Champion Continues to Promote his Frivolous Scheme

13

14     53.  The IRS continues to investigate Champion and anticipates that, as it

15  discovers more of his customers and examines their efforts to evade taxation through

16  his frivolous "nontaxpayer" teachings, it will find even more evidence of the role

17  Champion played in their illegal conduct. Nevertheless, the Government is aware of

18  Champion's ongoing efforts to promote his scheme, and to specifically promote his

19  services.

20     54.  Champion has given many interviews in the past year on radio programs

21  promoting his scheme, and continues to maintain his two websites. In addition, this

22  past year Champion self-published a 400-page work entitled Income Tax: Shattering

23  the Myths that is for sale on another of his websites (http://www.taxrevolt.us/).

24     55.  Although Income Tax: Shattering the Myths purports to set forth nothing

25  more than political free speech, Champion falsely identifies himself in it as "the most

26  knowledgeable person in the nation" with respect to its content on federal tax matters.

27  Income Tax: Shattering the Myths sets forth in detail Champion's frivolous claim that

28

1  "nontaxpayers" are not subject to federal income taxation, and are not obligated to

2  adhere to tax return filing requirements or respond to administrative summonses.

3  And it contains the detailed instructions Champion himself provides to such

4  "nontaxpayers" for how to maximize the benefit of their status.   <u>Income Tax:</u>

5  <u>Shattering the Myths</u> also advertises Champion's services as well.

6       56. All told, the statements Champion makes in his publications, websites, and

7  in public appearances, go well beyond mere expressions of anti-government or anti-

8  tax political animus. Rather, they constitute false, intentionally misleading, and/or

9  deceptive commercial speech that this Court may regulate if not ban entirely. These

10  statements are ultimately aimed at persuading potential "nontaxpayer" customers to

11  engage in various commercial transactions with Champion, in which he is paid by his

12  customers to assist them in making changes to the structure of their personal and

13  business lives in order to evade federal taxes. As such, the intent of this false and/or

14  fraudulent speech is, at bottom, to benefit Champion financially.

15  <center>**Harm to the Government**</center>

16       57. Champion has repeatedly assisted his customers in the preparation of

17  letters, documents, and forms to help them "remove" themselves from the tax system.

18  And he has provided them advice and guidance in such matters as well. The tax

19  revenue lost as a result of his activities (which includes individual income taxes as

20  well as unpaid payroll taxes) is significant.

21       58. Audits, examinations, or investigations by the IRS of eight of Champion's

22  customers reveal that Champion has assisted those particular taxpayers in evading

23  payment of approximately $1.4 million in income taxes for the 2001-2008 tax years.

24  The IRS estimates that, given the 74 customers Champion purports to have had (the

25  audited/investigated customers, plus 66 identified in a customer list produced by

26  Champion to the Government in accordance with its two-year effort to enforce its

27

28  <center>Page 16 of 25</center>

administrative summons against him), the harm to the Treasury is in the range of $10-$15 million.

### First Cause of Action - Injunction under I.R.C. § 7408

59. The United States incorporates by reference the allegations in Paragraphs 1 through 58.

60. Section 7408, I.R.C., authorizes a district court to enjoin any person from further engaging in conduct subject to penalty under either I.R.C. § 6700 or § 6701, if injunctive relief is appropriate to prevent recurrence of that conduct.

61. Section 6700, I.R.C., provides that a penalty will be imposed against any person who organizes or assists in the organization of a partnership or other investment plan or arrangement, or participates in the sale of an interest in an entity or plan, and (a) knowingly makes, or causes to be made, a false or fraudulent statement as to the allowability of a deduction or credit, the excludability of any income, the securing of another tax benefit, because of an interest held in the entity or because of his participation in the plan, or (b) makes a gross valuation overstatement as to any material matter.

62. Section 6701, I.R.C., imposes a penalty on any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document, knowing or having a reason to believe that it will be used in connection with any material matter arising under the internal revenue laws, and knowing that if so used it would result in an understatement of another person's tax liability.

63. Champion promotes an abusive tax scheme in which he assists "nontaxpayers" in a variety of ways to structure their private financial affairs so as to evade the payment of taxes. Such acts purport to remove taxpayers from the federal income tax system, and/or assist them from being wrongfully ensnared into the

taxpayer status. Champion provides both direct assistance as well as access to information on his website, and receives compensation for his services.

64. In so doing, Champion makes numerous blatantly false statements about supposed tax benefits upon which his customers rely to their detriment. Thus, Champion has made false statements that the federal income tax is limited by the Constitution to income earned through an excise taxable activity and that it is possible to become a nontaxpayer not subject to federal income tax. He has falsely told customers that wages are taxable only if earned by government employees, persons working in federal possessions or territories or persons who agree to the income tax by executing a W-4, and that the IRS cannot assess any tax against a person unless the person has filed an income tax return or a payer has filed an information return, such as a Form W-2 or Form 1099, reporting the income. And he has made false statements that the "pure trust organization" that he helps customers form are not subject to tax filing requirements, or otherwise are legitimate vehicles for legally limiting an individual's tax burden.

65. The false statements Champion makes to his customers are material to their tax filings. Champion assists his customers in "dropping out" of the federal taxation system; such dropping out includes the failure to file income and employment tax returns and thus includes the exclusion of the reporting of all income earned by the customer. The statements he makes thus have a substantial impact on the decision-making process of his customers. Advising people that they need not file returns and need not report income amounts to making false statements as to material matters arising under the federal tax laws.

66. Champion not only propagates false and fraudulent information about the tax laws through direct contact with his customers, and through the direct assistance he provides customers, but also more generally through the statements published on his "nontaxpayer.org" website. This website is replete with false and fraudulent

statements about the federal income tax laws. On the website, Champion does not merely espouse expressive political (if incorrect) speech, but instead engages in false commercial speech the purpose of which is to propose commercial transactions that will benefit him directly as well as their customers. The "nontaxpayer.org" website in effect advertises to potential customers Champion's expertise.  He also is now similarly propagating his frivolous claims through the publication of <u>Income Tax: Shattering the Myths</u>.

67. Champion is well aware of the falsity of his statements.  He holds himself out as a "consultant" on tax law.  He claims that he is a paralegal and that he began investigating federal and state tax laws in 1993 after being audited by the IRS.  He has been a guest on numerous TV and radio shows, speaking on various legal topics, including the "fraudulent misapplication of U.S. tax law." On his website, there are multiple articles written by him where he indicates that he has been hired by the defense in a criminal tax case to review the Government's evidence.  He also is well aware of what has happened to individuals (such as Simkanin and Pensyl) who cling to the truth of the statements and claims he makes despite the legal consequences.

68. Accordingly, Champion knows or should know that his statements regarding his customers' liability for income and employment taxes are false and fraudulent. The fact that Champion requires his customers to provide him with a disclaimer as to their prior "nontaxpayer" status underscores his sophistication and desire to distance himself from potential liability for advocating frivolous and false tax positions.

69. Based upon the foregoing, Champion has committed numerous acts in violation of Section 6700, and injunctive relief is appropriate to stem the tide of his unceasing conduct. His scheme assists individuals in evading their federal tax obligations. Given Champion's recent statements, as well as his complete resistance

to IRS efforts to investigate his conduct, Champion plainly intends to continue to function as an advisor/counselor to nontaxpayers unless stopped by the Court.

70. Champion's conduct also violates Section 6701. Champion's advice and assistance was utilized by his customers in their tax return preparation activities, and thus aided and abetted them in falsely limiting their tax liability. In addition, Champion directly assisted customers through the preparation of letters that were forwarded to their employers, escrow companies, and other organizations, in order to explain or support the customer's failure/refusal to provide TINs upon request. Champion knew that these letters would to used to support the non-withholding of taxes in situations where withholding is required. Champion also knew that the statements made in these letters would result in the understatement of the tax liability of his customers

71. Injunctive relief is appropriate given the continual and/or repeated nature of Champion's misconduct. Champion continues to promote his scheme and to attempt to attract paying customers to retain his assistance. He unquestionably acts in a manner contrary to the plain face of several court determinations against his customers (as well as himself personally) establishing that his numerous representations and claims about "nontaxpayers" and their status are false and frivolous. It is thus evident that he will continue to act as he has in the past absent an injunction.

**Second Cause of Action - Injunction under I.R.C. § 7402**

72. The United States incorporates by reference the allegations contained in Paragraphs 1 through 71.

73. I.R.C. § 7402 authorizes the Court to issue an injunction or other judgment that is necessary or appropriate for the enforcement of the internal revenue laws.

74. I.R.C. § 7402(a) authorizes a district court to issue injunctions as may be

1  necessary or appropriate for the enforcement of the internal revenue laws, even if the
2  United States has other remedies available for enforcing those laws.

3  75. Champion has substantially interfered with the enforcement of the internal
4  revenue laws by his broad propagation of completely false information about the
5  federal tax laws, as well as by promoting his false expertise in assisting customers in
6  fully realizing the benefits of their "nontaxed" status.

7  76. As a result of Champion's misconduct, his customers have failed to file
8  proper tax returns, failed to make proper payroll tax payments, and/or consistently
9  understated their actual tax liability.

10  77. Champion's conduct results in irreparable harm to the United States and to
11  the public. There is no adequate remedy at law for his misconduct.

12  78. Champion's conduct interferes with the proper administration of the
13  Internal Revenue Code because it results in either frivolous tax filings with the IRS
14  that hinder the IRS's ability to determine the correct tax liabilities of his customers,
15  or causes his customers to attempt to evade the payment of taxes entirely.  The IRS
16  accordingly is forced to expend valuable resources rectifying the errors of
17  Champion's customers, or otherwise attempting to collect their unpaid tax liabilities.

18  79. Champion has also falsely instructed his customers that they themselves
19  should evade detection by the IRS by cloaking their conduct from the Government,
20  failing to make required tax filings, and/or failing to identify themselves with proper
21  tax-related identification numbers (TINs, EINs).  And he has personally resisted
22  legitimate efforts by the IRS to investigate his conduct through the employ of
23  frivolous legal tactics.

24  80. Unless enjoined by this Court, Champion will continue to promote and
25  administer his tax-fraud scheme.

26  81. Under I.R.C. § 7402(a), the United States is entitled to injunctive relief to
27  prevent the recurrence of this misconduct.

28

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A. That the Court find that Champion has engaged in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701 and that, under 26 U.S.C. § 7408, injunctive relief is appropriate to bar him from engaging in such conduct;

B. That the Court find that Champion has engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that, pursuant to 26 U.S.C. § 7402(a), injunctive relief against him is appropriate to prevent the recurrence of that misconduct;

C. That this Court, under 26 U.S.C. §§ 7402 and 7408, enter a permanent injunction prohibiting Champion and his representatives, agents, servants, employees, and anyone in active concert or participation with him, from directly or indirectly by any means (including means of false, deceptive, or misleading commercial speech) engaging in any of the following activities:

(1) Promoting, marketing, organizing, or selling (or assisting therein) any plan or arrangement that contains a statement regarding federal taxes that Champion knows or has reason to know is false or fraudulent as to any material matter, including, but not limited to, in connection with promoting his scheme:

(i) making the false or fraudulent statement that taxpayers may define themselves as "nontaxpayers" and thereby opt out of federal taxation;

(ii) making the false or fraudulent statement that the federal income tax is limited by the Constitution (*i.e.*, the 16th Amendment) to income in the form of dividends, patronage dividends, and interest from corporate investment;

(iii) making the false or fraudulent statement that individuals need

not pay federal taxes, withhold federal taxes from their wages, pay payroll taxes, or have payroll taxes withheld from their employee's pay, either because no law requires it or because the IRS has no power or legal authority to tax the individual or their employees;

(iv) making the false or fraudulent statement that individuals may refuse to (a) provide a Tax Identification Number (TIN) when required, (b) sign Forms W-4s, W-9, and similar forms when required by law (c) withhold and pay employee taxes, and/or (d) and refuse to issue Forms 1099;

(v) making false or fraudulent statements as to the federal tax benefits of so-called "Pure Trusts" ; and

(vi) making false or fraudulent statements about the use of warehouse bank accounts in order to evade the payment of taxes;

(2)  Assisting any individual with the formation of "pure trusts," or any similar trust or other sham entity that is intended to evade, or has the effect of evading, the federal tax laws;

(3) Assisting any individual in establishing a warehouse bank account that is intended to evade, or has the effect of evading, the federal tax laws;

(4) Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit by participating in the plan that he knows or has reason to know is false or fraudulent as to any material matter; and

(5) Engaging in any activity subject to penalty under 26 U.S.C. § 6701, including aiding or assisting in, procuring, or advising with respect to the preparation or presentation of a federal tax return, refund claim, or other document, that he knows

or has reason to know will be used in connection with any material matter arising under the internal revenue laws, and knows that if so used it would result in an understatement of another person's tax liability;

D. That, under 26 U.S.C. § 7402, this Court enter an injunction requiring Champion to contact by mail (and also by e-mail, if an address is known) all persons who have purchased from him any products, services or advice associated with the false or fraudulent tax scheme described in this complaint in the past five years and inform those persons of the Court's findings concerning the falsity of his prior representations and attach a copy of the permanent injunction against Champion;

E. That, under 26 U.S.C. § 7402, this Court order Champion to provide to the United States a list of all persons who have purchased his products, services or advice in the past five years;

F. That this Court allow the government full post-judgment discovery to monitor Champion's compliance with the injunction; and

1   G. That this Court grant the United States such other and further relief as the

2   Court deems just and appropriate.

3

4   February 8, 2011

5                                        Respectfully submitted,

6                                        ANDRÉ BIROTTE JR.
                                         United States Attorney

7                                        SANDRA R. BROWN
                                         Assistant United States Attorney
8                                        Chief, Tax Division

9
                                         GAVIN L. GREENE (SBN 230807)
10                                       Assistant United States Attorney
                                         Federal Building, Room 7211
11                                       300 North Los Angeles Street
                                         Los Angeles, California 90012
12                                       Telephone: (213) 894-4600
                                         Facsimile:  (213) 894-0115
13                                       E-mail: Gavin.Greene@usdoj.gov

14

15

16                                       BRIAN H. CORCORAN
                                         Member, DC Bar, No. 456976
17                                       Trial Attorney, Tax Division
                                         U.S. Department of Justice
18                                       Post Office Box 7238
                                         Washington, D.C.  20044
19                                       Telephone: (202) 353-7421
                                         Facsimile: (202) 514-6770
20                                       E-mail: brian.h.corcoran@usdoj.gov

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 1175 DDP (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Andre Birotte, Jr., United States Attorney
Sandra R. Brown, Assistant United States Attorney
Chief, Tax Division
Gavin Greene,  Asst.  United States Attorney
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012   (213) 894-4600

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

PLAINTIFF(S)

v.

DAVID CHAMPION,

DEFENDANT(S).

CASE NUMBER

**CV11 01175 DDP SSx**

**SUMMONS**

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Gavin Greene _____, whose address is:

United States Attorney's Office
300 N. Los Angeles Street Room 7211
Los Angeles, CA 90012
Tel: 213-894-4600 Fax: (213) 894-0115
Email:  GavinGreene@usdoj.gov

an answer to the  ☒ complaint  ☐_____amended complaint  ☐ counterclaim  ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:   FEB - 8 2011  _____

By: _____

**CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

1181

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| United States of America | David Champion |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ANDRÉ BIROTTE JR., United States Attorney<br>SANDRA R. BROWN, AUSA, Chief, Tax Division<br>GAVIN L. GREENE, Assistant United States Attorney<br>300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012<br>Tel: (213) 894-4600 Fax: (213) 894-0115 email: Gavin.Greene@usdoj.gov | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Permanent injunction against the promotion of fraudulent "nontaxpayer" tax scheme pursuant to 26 U.S.C. §§ 7402 and 7408.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11 01175

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s):  CV08-01629 PA (JWJx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
      ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  2/8/11

    **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |