David A. Champion
2220 Nevada West Blvd. #2
Pahrump, NV 89048
775-751-0811



FILED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>　vs.<br><br>DAVID CHAMPION,<br><br>　　　Defendant, Counter Plaintiff<br>　vs.<br><br>Thomas Cheung and Judge John Doe,<br><br>　　　Counter Defendants. | Case No.: CV11-01175-PA-(SSx)<br><br>**DEFENDANT'S SPECIAL APPEARANCE; MOTION TO DISMISS; GENERAL DENIAL, alternatively ANSWER TO PLAINTIFF'S COMPLAINT & DEFENDANT'S COUNTERCLAIM**<br><br>4/18/2011 1:30 pm COURTROOM 15<br>BEFORE JUDGE PERCY ANDERSON<br><br>**JURY TRIAL DEMANDED**<br><br>BEFORE JUDGE PERCY ANDERSON<br>4/18/2011 1:30 pm COURTROOM 15 |

TO THE JUDGE OF SAID HONORABLE COURT:

**DAVID CHAMPION,** here proceeding pro se and continuing his prior special appearance, and within the unopposed previously and timely filed Motion to Enlarge Time Within Which to File Answer to Plaintiff's Complaint, timely files this his i) Special Appearance; ii) Motion to Dismiss for Failure to State a Claim;

alternatively, iii) Defendant's Answer to Plaintiff's Complaint; and, iv) Defendant's Counterclaim and for cause will show the court as follows:

## I.
## SPECIAL APPEARANCE

1. DEFENDANT continues his prior entry of a NOTICE OF SPECIAL APPEARANCE AND OBJECTOIN TO SERVICE and OBJECTION to the EXERCISE OF JURISDICTION of this Court over the person of the Defendant and respecting the stated subject matter jurisdiction as is set out in Plaintiff's Complaint.

## II.
## BACKGROUND

2. This latest case rises from a prior fraudulent and thus improper attempt by the Internal Revenue Service (hereafter "IRS") to further develop and achieve an ongoing criminal prosecution of Defendant by civil investigation and civil litigation casting and alleging first amendment civil conduct in criminal overtones and as a criminal action. Here, lawful first amendment activity is misrepresented by the Plaintiff to the court as criminal conduct. It is a fundamentally flawed and noxious notion.

3. In a prior case, the IRS illicitly employed an IRS 2039 Summons illegally and improperly for an improper purpose to advance a criminal investigation by civil means – albeit an illicit and improper civil means of a 2039 Summons

specifically beyond the statutory and congressional intent of the empowering statutes and regulations authorizing a 2039 Summons.

4. In response to the summons, and given the premises of this case, both specifically and generally, Defendant chose to and did exercise his right to remain silent which silence resulted in the IRS seeking enforcement of the summons in the Federal District Court where, subsequently, Defendant continued his palpable and determined exercise of silence both specifically and generally.

5. Proceeding further by contempt, the IRS sought to move the district court to enforced the summons by first order to comply and then secondly by contempt and then thirdly by arrest and incarceration of the Defendant seeking to compel his custodial interrogation and compelled testimony despite Defendant's palpably continuing his prior exercise of specific and general silence in response to specific and general demands for answers to questions, other testimony and for production of documents and other information.

6. For purposes of this pleading, Defendant will incorporate by reference the content of the entire file jacket in the summons enforcement action – ie: cause number CV-08-01608 as filed as a summons enforcement action in the United States District Court for the Central District of California.

7. The Court in that case and on the motion of the IRS and to advance the enforcement of the improper and illicit 2039 summons caused the arrest and

incarceration of Defendant resulting in the illicit custodial extracting of privileged information for which Defendant diligently exercised his constitutional rights to remain silent.

8. The information thusly obtained under pain of arrest and incarceration and while in actual corporal custody was intended to, is now being used and, it is believed, will continue to be used to further an ongoing criminal investigation and prosecution of defendant disguised here in an entirely civil attire.

9. Defendant, in the pleading below, moves the court by Defendant's Motion to Suppress and is thereby asking the court to suppress the illicitly obtained information rising from his prior arrest and incarceration in this and in any other case as to any and all information, its use(s) and derivative use(s) which were derivative from the illicit information obtained by force while defendant was in custody as result of proceedings in the summons enforcement action – ie: CV-08-01608. (See: File Jacket in CV-08-01608)

10. Having previously by their summons enforcement action arrived at an illegitimate destination by an illegitimate path, the IRS now – and here – seeks to employ the use and derivative use of the illicitly and forcibly derived information to further its design of oppression against defendant's exercise of his first Amendment Rights of speech, association, publication, broadcast, communication and other entirely lawful first amendment activity.

11. Because both the instruments and the process employed in the summons enforcement activity are contrary to law, the present use of the informational products of that activity is the "fruit of the poisoned tree".

12. Thusly, the instruments and process employed by the IRS betray both their illegitimate path employed in the summons enforcement action as well as their illegitimate destination in this present action. Both path and destination betray the real purpose of these civil prosecutions which is to chill the exercise of defendant's first amendment activity. It is simply wrong to do so. This case should be dismissed for its failure to state a claim upon which relief may properly be granted in law.

13. *"**Nothing should be clearer at this stage in the development of first amendment jurisprudence than 'the principle that the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy ... of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action'**."* (italics and bold face emphasis added to original text) Bradenberg v. Ohio, <u>395 U.S. 444</u>, 447, 89 S.Ct. 1827, 1829, 23 L.Ed.2d 430 (1969) (per curiam); See also US v Dahlstrom, Ripley, Conley, Morris and Durst, 713 F2nd 1423, 9th Cir – 1983 - reversed; Criminal Convictions rising from conspiracy, etc in alleged "promotion of abusive tax shelters" reversed, in part, on first amendment analysis.

### III.
### MOTION TO SUPRESS FRUIT OF THE POISONED TREE and MOTION TO DISMISS PURSUANT TO FRCP, RULE 12(B)(6) – FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED or ALTERNAIVELY, MOTION FOR MORE DEFINITE STATEMENT

14. The plaintiff's complaint goes on at some considerable length of 29 pages to make the point that Defendant is engaged is the act of promoting activity which is beyond the law. However, misrepresented, however redundant, however lengthy and however twisted, distorted, vague and/or obfuscated, the underlying complaint may properly be summarized as an attack on Defendant's exercise of Defendant's first amendment rights including, speech, association, publication, communication and related conduct.

15. However, it is certain that King George III (circa 1776) would have found (ie: did find) James Madison's and Thomas Jefferson's speech – and what we now call first amendment activity - as worthy of an attack - - however, the act of speech and its unmitigated and unfettered free exercise is the stuff by which this nations most fundamental organic documents are calculated and designed to support and for which this nation was in fact created. The liberty to speak in the unfettered free exercise of one's mind and heart – that is what is at issue in this case. Like King George, the IRS here is displeased with the likes of the character and manner of Defendant's exercise of his right of speech. Hence, both the court and the

Defendant is wrongly burdened with this wholly illicit and ill-conceived complaint resulting in the present prosecution!

16. Further, Plaintiff's frivolous Complaint seeking to enjoin free speech fails to demonstrate a legitimate bona fide standing to make and file the complaint and as such is in express violation of FRCivP, Rule 17.

17. Further, it is sadly noted that the prosecution of this case is offensive to FRCivP, Rule 11 in that the attorneys signing the complaint either knew or should have known that both the US Supreme Court and the US Court of Appeal for the Ninth Circuit have expressly condemned the prosecution seeking to enjoin free speech predicated upon some wrongly alleged and/or imaginary wrongdoing nebulously rising from the exercise of free speech constitutionally supported by the First Article of the Amendments to the Constitution for the Untied States of America.

18. Since the entire evidentiary predicate of this case is apparently derived, directly or indirectly, from compelled custodial testimony whose use and/or derivative use further produced evidence predicated on testimonial information which has been extracted by force (ie: arrest and incarceration) from the Defendant while exercising his constitutionally supported right of silence and since the very prosecutorial path upon which this prosecution proceeds and since the destination of this prosecution is itself illicitly seeking to silence the free and unfettered

exercise and speech of Defendant, this case fails to state a claim upon which relief may properly be granted. This case should have never made it though the courthouse doors let alone up the elevator and into the clerk's office for filing. The fact that it did irretrievably displays to all who may care to look that the attorney actors on whose authority and signature(s) this case was filed have exposed themselves to the responsibilities and accountabilities rising from FRCivP, Rule 11 proscribing just such activity.

19. Accordingly, Defendant moves this court to suppress the admission of any evidence whose use and/or derivative use stems from the wrongful compulsion of defendant's testimony while in custody over the exercise of defendant's constitutionally protected right of silence; Defendant further moves the court to dismiss this action with prejudice pursuant to FRCivP, Rule 12(b)(6), et seq. for failure of the United States to properly state a claim upon which relief may be granted by this court under the rule of law. See: Dahlstrom, etc, supra.; See also: file jacket in Case (this district) No. CV-08-01608.

20. Alternatively, absent Plaintiff's withdrawal of his complaint, the Defendant will move the court to compel a more definite statement of complaint from the Plaintiff.

## IV.
## GENERAL DENIAL and SPECIFIC RESPONSE TO EACH ALLEGATION MADE BY PLAINTIFF'S COMPLAINT

21. Defendant enters this his general denial as to each and all allegations made the basis of Plaintiff's Complaint and demands strict proof thereof in the manner required by due process of law and the rules of court.

22. Further, and alternatively to the foregoing General Denial, Defendant will make the following specific response to each and every one of the allegations made the basis of Plaintiff's complaint by entering for each such complaint the following as though the same were specifically and individually made as to such each numbered paragraph allegation as contained within Plaintiff's complaint, as follows:

### *RESPONSE TO EACH ALLEGATION OF PLAINTIFFS COMPLAINT:*

*"Defendant will specifically object to this individual allegation due to the allegation being beyond the standing and thus capacity of the Plaintiff to lawfully pose such an allegation since the entire pleading should be suppressed and or quashed. Accordingly, Defendant is on this allegation unable to form an opinion and is thusly unable to affirm or deny the allegation under these circumstances. Defendant has made a motion to suppress which is yet to be rules upon. Alternatively, absent a more definite statement of complaint, and response by Plaintiff to the legitimacy of his standing and the pleading itself, the defendant is unable to comprehend the allegation(s) improperly made sufficient to make admission or denial. Alternatively, Defendant is compelled to and will here deny the allegation."*

### V.
### COUNTERCLAIM: BIVINS ACTION FOR DEPRIVATON OF FUNDAMENTAL RIGHTS, CONSPIRACY TO DEPRIVE FUNDAMENTAL RIGHTS and FAILURE TO PROTECT FROM A CONSPIRACY TO DEPRIVE FUNDAMENTAL RIGHTS

23. In the course of an alleged 26 USC 6700 investigation, IRS revenue agent Thomas Cheung (hereafter "Agent Cheung") issued a Form 2039 Summons and caused the same to be served upon the person of Defendant in this present action.

24. In the course of enforcing the Summons, Agent Cheung (and other unknown co-conspirators, John Does 1-5) sought judicial enforcement of the Summons through the local office of the United States Attorney who in turn filed a summons enforcement action with the District Clerk for this District which may be identified as US v Dave Champion and bears the number No. CV-08-01608. The entire content of the "file jacket" has been, above, incorporated into this pleading as though stated in full herein. Reference is here made to that "file jacket" bearing the number No. CV-08-01608.

25. That case was assigned to a federal judge who for purposes of this countersuit is identified as Judge John Doe (hereinafter "Judge").

26. Agent Chung is a revenue agent with the Internal Revenue Service and may be served with process at his office at the office of the Internal Revenue Service at 300 N. Los Angeles Street, Los Angeles, California 90012.

27. Judge John Doe is a Untied States Federal District Judge and is here identified as Judge John Doe to be later identified and served with process in due course.

28. Since this is a counter-claim, the jurisdiction and venue are within the jurisdiction and venue of this court and within this case as counter defendants as named.

29. During the course of the ensuing litigation, Judge signed and caused to issue an order directing defendant to comply with the summons only to later have the IRS via the US Attorney's office seek enforcement of Judge's Order by contempt and incarceration. (See docket report and file jacket).

30. A hearing was held and the defendant while continuing to, palpably and obviously, exercise his silence was held in contempt of court and ordered to be taken into custody and incarcerated pending his compliance with the court's order to comply with the summons including answering IRS interrogation(s) and request for production.

31. Following his incarceration, defendant responded to IRS questions and was released from actual custody pending his compliance with production of certain specific information outside the physical court proper at that time.

32. It is specifically alleged that both the Agent Cheung (and other unknown co-conspirators, John Does 1-5) and Judge conspired to deprive defendant of his constitutionally protected right of silence in order to force and compel testimony in response to question and testimony by production of demanded items in violation of defendant's right to be free of compelled self incrimination.

33. Defendant specifically asserts his right of silence, his right to be free from compelled testimony including testimony by compelled self incrimination and to be free from compelled testimony by compelled self injurious production of items and things.

34. It is further specifically alleged on information and belief that both Agent Cheung as well as Judge know and then knew that such a finding of contempt, arrest and incarceration would illicitly compel defendant to injurious testimony while in custody and under paid of contempt.

35. It is further specifically alleged that it was the intent of both Agent Cheung and Judge to by a finding of contempt, arrest and incarceration to obtain from defendant while in custody such testimony over the defendants exercise of his palpably persistent and repeatedly obvious silence.

36. Agent Cheung and Judge were successful in their illicit conspiracy to so extract from defendant testimony over defendants repeated and continuous silence while in corporal custody and incarceration.

37. It is further specifically alleged that the information and testimony and production so obtained has been used and derivatively used to obtain other information and evidence which has formed the predicate for further enforcement action including but not limited to the present civil action seeking injunction of defendant's first amendment rights of free and unfettered speech in exercise of

defendant's first amendment rights afforded and guaranteed by the First Article of Amendment to the Constitution for the United States of America.

38. Such knowing, intentional and methodical acts were carefully planned and executed by both Agent Cheung in conspiracy and harmony with Judge have injured and now continue to injure the defendant including but not limited to a deprivation of defendant's constitutionally protected right of silence and freedom from self-incrimination and testimonial self injurious production under the type, character and manner of a knowing, intelligent and methodical but illicit compulsion as is outlined here. All of the acts of deprivation started within the confines of open court with Agent Cheung and Judge both present and participating in the acts and/or specifically acting out in such manner as to cause the acts of deprivation but have also continued in other venue, including but not limited to ancillary rooms and offices within the United States Federal Court House at Los Angeles California, the then residence of defendant in other locations and in other circumstances which were reasonably understood and arranged by Agent Cheung and Judge.

39. Judge has a duty to protect defendant against those who would deprive and or conspire to derive the constitutional rights of another, including defendant, but wholly fails and now continues his failure to do so.

40. Aggravating the above deprivation of constitutional rights, participating in a conspiracy to deprive constitutional rights and failure to protect against a conspiracy to deprive constitutional rights, as is being acted out by Agent Cheung and Judge, is the present and now ongoing further enforcement and continuation of a campaign of onerous abuse and deprivation of defendant's constitutionally protected rights by seeking an injunction against defendants exercise of his first amendment rights. Thusly the ongoing deprivation, the ongoing conspiracy and the ongoing failure to protect from a conspiracy continues by and through the current and pending litigation which requires this pleading. Accordingly, it is the intent of defendant to seek further and added redress and damages for the now ongoing aggravating circumstances and action as is evidenced by this present complaint and litigation against defendant.

41. For such wanton and illicit acts of deprivation of constitutional rights and for a conspiracy to deprive constitutional rights and failure to protect from a conspiracy to deprive constitutional rights, defendant seeks damages actual and exemplary as well as punitive along with other relief that is just.

## VI.
## DEMAND FOR JURY TRIAL

29. Defendant respectfully demands his sixth amendment right to a jury trial in the determination of the issues, law and facts in this case. Any and all fees are

herewith **TENDERED** to the court and upon the clerk's notice received by Defendant of any reasonable and just amount due and payable the same will be promptly remitted by Defendant to the clerk of this court.

30. Defendant reserves the right to further amend this pleading when and as may come to be needed and/or appropriate subject to the rules of court.

WHEREFORE PREMISES CONSIDERED, David Champion requests of this court a grant of the following relief:

1. That citation and process issue respecting the Counter Defendants; and

2. That this case be dismissed pursuant to FRCivP, Rule 12(b)(6) for failure of the Plaintiff to state a claim on which relief may be granted, and

3. Alternatively that this court will dismiss the Plaintiff's claims for failure to demonstrate standing to file this action pursuant to FRCivP, Rule 17, and

4. Alternatively, that this court will deny to the Plaintiff in all things any relief of injunction restraining Defendant's First Amendment activity, and

5. Alternatively, that this court set this matter for trial before a jury for adjudication of the issues raised, and

6. That this court set the issues raised in Defendant's Counterclaim for trial before a jury for adjudication of the issues raised, and

7. That this court grant to defendant any and all relief that at trial is show to be just respecting the Defendant's counterclaim, and

8. That defendant be awarded and receive added and other relief at law and/or in equity which are just.

Dated on this the 18th day of March, 2011

Respectfully submitted,

_David Champion_
David Champion
2220 Nevada West Blvd. #2
Pahrump, NV 89048

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has on this the 18th day of March, 2011, been timely forwarded to the address of counsel for the United States at the following address via US. Regular Mail with a copy of this pleading suitably wrapped with the following address and sufficient postage attached as follows:

| | |
|---|---|
| Gavin L. Green | Brian H. Corcoran |
| Federal Building – Room 7211 | U.S. Department of Justice |
| 300 N. Los Angeles Street | P.O. Box 7238 |
| Los Angeles, California 90012 | Washington, D.C. 20044 |

One Original and one copy to the Clerk together with file copy to be stamped and returned to Defendant in the pre stamped and pre addressed envelope provided.

_David Champion_
Dave Champion