ANDRÉ BIROTTE JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4600
Facsimile:   (213) 894-0115
Email:Gavin.Greene@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: Brian.H.Corcoran@usdoj.gov

Attorneys for Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DAVID CHAMPION,<br><br>                    Defendant. | Civil No. CV 11-01175 DMG(SSx)<br><br>**United States' Opposition to Motion to Dismiss**<br><br>**April 18, 2011 at 1:30 p.m.**<br>**Courtroom 15**<br>**Judge Percy Anderson** |

The United States hereby opposes Defendant David Champion's motion, dated March 18, 2011, (a) to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), (b) for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and (c) to "suppress fruit of the poisoned tree" relating to evidence obtained from Champion in connection with a 2008 summons enforcement action.[1]

This action seeks a permanent injunction against Champion pursuant to 26 U.S.C. ("I.R.C.") §§ 7402 and 7408 to prohibit him from further promoting his fraudulent "nontaxpayer" tax scheme. Champion falsely tells his customers that they can opt out of federal income taxation, and provides them, for a fee, with direct assistance to accomplish this illusory goal. In so doing, he engages in penalty conduct under the Internal Revenue Code and deprives the Government of substantial tax revenue. These are the matters alleged in the complaint. Champion's meandering arguments about his First Amendment rights, or Fifth Amendment "right to remain silent," by contrast, have nothing to do with the allegations in the complaint, but instead arise from a prior summons enforcement proceeding brought against him. Champion lost that proceeding, and his attempt to resurrect arguments from it should be given no consideration by this Court, as they provide no basis for dismissal of this action.

---

1. Procedurally, the Court should deny Defendant's motion because he violated Local Rule 7-3 by failing to meet and confer with counsel for the United States prior to filing this motion.

The United States also notes that this matter was reassigned to Judge Gee after Judge Anderson recused himself by Order dated March 21, 2011 (Docket No. 9). The United States has captioned the matter in accordance with the setting of the motion for April 18, 2011 as indicated in Champion's motion, but expects that it may need to be reset in light of the transfer of the action to Judge Gee.

**A.    The Motion to Dismiss Should Be Denied**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claim or claims as they are pled in the complaint.  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), and thus does not require "'detailed factual allegations'" to be sufficient.  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) *(quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n. 3 (9th Cir.2010); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993).  A 12(b)(6) motion should thus be granted only if it appears beyond doubt that the plaintiff cannot prove facts supporting his claim that would entitle him to relief based upon the applicable legal standards governing the asserted claim.  *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997).

The Government's complaint, as the Defendant acknowledges, "goes on at some considerable length of 29 pages" (Motion at 6) in alleging in detail the factual and legal bases of the claims at issue.  (*See generally* Complaint, dated February 8, 2011 (Docket No. 1)).   The complaint methodically sets forth the elements of Champion's scheme, including his repeated communication to his customers of false and fraudulent statements about the ability of individuals to declare themselves "nontaxpayers," as well as the tax benefits of common-law trusts - both in their initial solicitation of customers as well as in the process of actually setting up the trusts used to evade taxes.  (Complaint at ¶¶ 5-6, 9-31).  It then describes the facts of several instances known to the IRS in which Champion provided specific advice in this regard to his customers, and specifically where taxpayers followed his advice but wound up

being subject to audits and determinations that they owed significant amounts of unpaid taxes, if not criminal charges. (*Id.* at ¶¶ 33-45). It also sets forth in detail how all such facts violate Sections 6700 and 6701 of the Internal Revenue Code, and therefore why injunctive relief under Sections 7402 and 7408 is appropriate. (*Id.* at ¶¶ 60-71, 73-81).

The complaint in this case thus contains ample facts alleging that Champion engaged in conduct subject to penalty under I.R.C. Sections 6700 and 6701, and interfered with the administration and enforcement of the internal revenue laws, through his activities involving the promotion of common law trusts and the "nontaxpayer" scheme. If the allegations are true (and they must be deemed true for purposes of the motion), the United States is entitled to injunctive relief under Sections 7402 and 7408. Indeed, the Government recently obtained a preliminary injunction from a Central District of California court based on very similar allegations against parties promoting common law trusts as a means of tax evasion. *See United States v. Gwenn Wycoff and Frank Ozak*, No. 2:10-cv-05856-JHN-PLAx (C.D. Cal. Mar. 11, 2011)(Order granting motion for preliminary injunction)(Docket No. 23). Rule 12(b)(6) does not afford Champion a defense to this action.[2]

---

2. In attacking the factual sufficiency of the Government's complaint, Champion also references Rule 11, asserting that the complaint is so lacking in legal or factual support that "[t]his case should never have made it though [*sic*] the courthouse doors," suggesting that the signing the pleading violated Rule 11. (Motion at 7-8). Champion has not, however, met any of the procedural standards required under Rule 11(c) for challenging the representations made by Government's counsel in signing the complaint - and even if he had, it should be manifestly evident to the Court that the complaint is amply supported by legal and factual citation to survive such a motion.

*05cv0921*

**B.     The Motion for a More Definite Statement Lacks Merit**

Contradicting his earlier admission about the detailed length of the complaint, Champion alternatively moves the Court to compel the Government to provide him with a more definite statement of the nature of the claims and allegations in the complaint.  This request is frivolous and should not be granted.

Rule 12(e) motions for a more definite statement are disfavored.  *Sagan v. Apple Computer, Inc*., 874 F. Supp. 1072, 1077 (C.D.Cal.1994)("motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules") .  This flows naturally from the fact that a pleading's sufficiency is generally measured by the standard set forth in Rule 8(a)(2) as discussed above.  The real purpose of a 12(e) motion is to "strike at unintelligibility, rather than want of detail."  *Ingram v. Grant Joint Union H.S. Dist*., No. CIV. S-08-2490, 2010 WL 3245169, at *5 (E.D. Cal. Aug. 16, 2010)(denying 12(e) motion).  A 12(e) motion should thus not be granted if it is based on a party's demand that the plaintiff disclose all details of a lawsuit (*Boxall v. Sequoia Union H.S. Dist*., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)), or provide information otherwise properly obtainable in discovery (*Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981)).

Here, Champion demands a more definite statement (or at least indicates he will request one later if his motion to dismiss is denied), but fails to demonstrate in any fashion what it is about the complaint that makes such relief appropriate.  In fact, there are more than sufficient facts pled in the complaint to not only put Champion on notice of the nature of the claims in the complaint, but for him to frame a response to the same in an answer.  *Famolare*, 525 F. Supp. at 949 (Rule 12(e) motion should not be granted unless the challenged pleading is so indefinite that the responding party cannot determine the nature of the plaintiff's claims).   Indeed, Champion even

purports to "answer" the complaint in blanket fashion (Motion at 9), underscoring the inappropriateness of Rule 12(e) relief.

**C.      Defendant's Evidentiary Motion is Baseless and Premature**

In addition to his Rule 12 motions, Champion also appears to argue that certain information obtained from him in connection with a 2008 summons enforcement proceeding against him (*United States v. Champion,* No. CV08-01629-PA-JWJx)(the "Summons Enforcement Proceeding") should be "suppressed" in this action because of his unsuccessful invocation of his Fifth Amendment right against self-incrimination (which he references as "his constitutionally supported right of silence")(Motion at 7-8).[3/]

It is exceedingly premature for the Court to make evidentiary rulings in this case.  The United States has not yet offered any evidence to establish its allegations in this case, and Champion cannot offer anticipatory arguments about what evidence will be offered.  Furthermore, Champion cannot relitigate constitutional arguments that he unsuccessfully advanced in a prior proceeding, and upon which his time to appeal has expired.[4/]  Under the doctrine of collateral estoppel, "a right, question or

---

3. On April 30, 2008, the Court ordered Champion to comply with the IRS summons after he failed to rebut the Government's showing that the summons was legitimate and enforceable.   (Order to Comply with IRS Summons, dated April 30, 2008(Summons Enforcement Proceeding, Docket No. 9)).  Champion failed to comply with that order.  In response, on June 8, 2008, the United States filed a motion to hold Champion in contempt (Docket No.24).  The Court held a hearing on the contempt motion on September 8, 2008 (Docket No. 38), found Champion in contempt, and placed him in confinement until he purged himself of his contempt shortly thereafter by producing the materials that had been requested by the IRS summons.

4. Throughout the Summons Enforcement Proceeding, Champion had the opportunity to litigate any defenses he had to enforcement of the summons, including his Fifth Amendment rights.  On April 25, 2008, Champion filed a motion to dismiss the

(continued...)

*05cv0921*

fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Allen v. McCurry,* 449 U.S. 90, 94 (1980)("once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.")

Although a party may in appropriate circumstances resist an IRS summons by invoking Fifth Amendment rights,[5/] this Court determined *nearly three years ago* that Champion's constitutional defenses were not sufficient to prevent the Court from ordering him to comply with the IRS summons and holding him in contempt when he

_____

(...continued)
Enforcement Proceeding for invalid service (Docket No. 11), thereafter filing a notice of appeal on May 22, 2008 (Docket No. 14) in response to the Court's April 30th order enforcing the IRS summons.  His appeal was ultimately dismissed in April of 2009 for failure to prosecute (Docket No. 39).

Later, at the September 8, 2008 contempt hearing, Champion's counsel attempted to raise Champion's Fifth Amendment rights as a basis for his resistance to compliance with the summons.  The Court rejected such arguments, noting that they had not been properly raised in response to the initial summons enforcement proceeding, and that Champion had previously indicated a willingness to comply with the enforcement order.  (*See* Excerpts from Transcript of September 8, 2008 Contempt Hearing, true copies of which are attached as Exhibit 1).  The time to appeal the contempt order has now also expired.

5.   A person summoned to answer questions to an IRS agent may in certain circumstances assert the Fifth Amendment right not to testify against oneself.  The assertion of the privilege, however, is subject to the same limitations applying in other situations, and "a mere blanket assertion of the privilege will not suffice."  *United States v. Hatchett*, 862 F.2d 1249, 1251 (6th Cir. 1988).  Rather, the privilege must be asserted with specificity.  A person who invokes the Fifth Amendment as a basis to withhold documents requested by an IRS summons must "make a showing as to how disclosure of the summoned documents might tend to incriminate him." *United States v. Fox*, 721 F.2d 32, 40 (2d Cir. 1983).

*05cv0921*

1   failed to do so.  His renewed challenge to the constitutionality of the summons or its

2   enforcement is now barred - and in fact was barred once the Court ruled in favor of

3   the United States' Enforcement Proceeding.  *United States v. Bright*, 596 F.3d 683,

4   694 (9th Cir. 2010) ("[w]hen defending against a finding of contempt after an

5   adversary [summons] enforcement proceeding, a taxpayer cannot relitigate the Fifth

6   Amendment privilege . . .")(*citing United States v. Brown*, 918 F.2d 82, 83 (9th Cir.

7   1990)).

8         Accordingly, and for the reasons set forth above, the United States respectfully

9   requests that the Court deny Champion's motion to dismiss, motion for a more

10  definite statement, and evidentiary motion.

11

12  March 25, 2011

13                              Respectfully submitted,

14

15                              ANDRÉ BIROTTE JR.
                                United States Attorney

16                              SANDRA R. BROWN
                                Assistant United States Attorney
17                              Chief, Tax Division

18                              GAVIN L. GREENE (SBN 230807)
                                Assistant United States Attorney
19                              Federal Building, Room 7211
                                300 North Los Angeles Street
20                              Los Angeles, California 90012
                                Telephone: (213) 894-4600
21                              Facsimile:   (213) 894-0115
                                E-mail: Gavin.Greene@usdoj.gov
22

23                              /s/ Brian H. Corcoran
24                              BRIAN H. CORCORAN
                                Member, DC Bar, No. 456976
25                              Trial Attorney, Tax Division
                                U.S. Department of Justice
26                              Post Office Box 7238
                                Washington, D.C.  20044
27                              Telephone: (202) 353-7421
                                Facsimile: (202) 514-6770
28

1    E-mail: brian.h.corcoran@usdoj.gov

*05cv0921*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2011, I served the foregoing *United States' Memorandum of Law in Opposition to Defendants' Motion to Dismiss*, and all related papers, by federal express mail upon the following:

David A. Champion
2200 Nevada West Blvd. #2
Pahrump, Nevada 89048

Counsel *Pro Se*

/s/ Brian H. Corcoran
BRIAN H. CORCORAN