ANDRÉ BIROTTE JR.
United States Attorney

SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4600
Facsimile:  (213) 894-0115
Email:Gavin.Greene@usdoj.gov

BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: Brian.H.Corcoran@usdoj.gov

Attorneys for Plaintiff,
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. CV 11-01175 DMG(SSx) |
| DAVID CHAMPION, | **Memorandum in Support Of Motion to Dismiss Counterclaim** |
| Defendant. | Date: June 20, 2011<br>Time: 9:30 a.m.<br>Place: Ctrm. 7 (Hon. Dolly Gee)<br>312 North Spring Street<br>Los Angeles, CA 90012 |

## TABLE OF CONTENTS

**Relevant Facts** ................................................................................................... 2

**Argument** ........................................................................................................... 3

I.   **The Counterclaim Fails to State a Constitutionally-Based Cause of Action Against Revenue Agent Cheung** ................................... 4

II.  **A *Bivens* Claim Is Precluded by the Comprehensive Remedial Scheme Contained in the Internal Revenue Code** ............................... 8

III. **Champion Has Failed to Serve Revenue Agent Cheung Personally With his *Bivens* Counterclaim** ............................................................ 13

## TABLE OF AUTHORITIES

**CASES**

*Abecasis v. Chestnut*, No. 93 Civ. 4246, 1998 WL 151035 (S.D.N.Y. 1998) ........................................................................................................ 5

*Armstrong v. Sears*, 33 F.3d 182, 187 (2d Cir.1994) ............................................ 13

*Baddour, Inc. v. United States*, 802 F.2d 801, 807-808 (5th Cir. 1986) ................ 6

*Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ................................................... 7

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ..................................................................... 1, 4-6, 8, 10-12

*Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir.1995) ............... 4

*Buaiz v. United States*, 471 F. Supp. 2d 129, 135-36 (D. D.C. 2007) .................. 10

*Bush v. Lucas*, 462 U.S. 367, 373, (1983) ............................................................. 8

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) .................. 3

*Cameron v. Internal Revenue Service*, 773 F.2d 126, 128-29 (7th Cir. 1985) ................................................................................................. 6, 8

*Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) ............................ 10

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ........................................................ 4

*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ...........................................5

*County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ...............................5

*Davis v. Scherer*, 468 U.S. 183, 197 (1984) ........................................................... 5

*DeLeon v. Dexter*, No. EDCV 09–1803–VBF (JEM),
2011 WL 1334411 (C.D. Cal. Apr. 5, 2011) ............................................................ 5

*Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) ............................ 12

*Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996) .................................................... 4

*Essell v. Drug Enforcement Admin.*, 121 F.3d 715 (9th Cir. 1997) ....................... 13

*Gaines v. United States*, 424 F. Supp. 2d 219, 222-23 (D. D.C. 2006) ............... 10

*Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) .................................... 4

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ............................................................ 5

*Heft v. McGrath*, 784 F. Supp. 1426, 1431 (E.D. Mo. 1992) ................................ 7

*Henkell v. United States*, No. S-96-2228 MLS GGH, 1998 WL 41565,
at *8 (E.D. Cal. 1998) ............................................................................................. 6

*Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005) .............................................. 4

*Hudson Valley Black Press v. Internal Revenue Service*, 370 F. Supp. 2d
543, 548 (S.D.N.Y. 2004) ........................................................................................ 5

*Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982) ........................ 4

*Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir.2003) ............................................. 4

*Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 410, *cert. denied*,
540 U.S. 825 (4th Cir. 2003) ..............................................................................11-12

*Kastigar v. United States*, 406 U.S. 441, 444-45 (1972) ..................................7, 12

*LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389-90
(7th Cir.1995) .......................................................................................................... 8

*National Commodity Barter Association v. Gibbs*, 886 F.2d 1240,
1248 (10th Cir. 1989) .............................................................................................. 7

*Research Air, Inc. v. Norton*, No. Civ. A. 05-623 (RBC), 2006 WL
508341, at *8 (D. D.C. Mar. 1, 2006) ................................................................... 12

*SEC v. Colello*, 139 F. 3d 674 677 (9th Cir. 1998) .................................................. 7

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ......................................................... 4

*Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988) ................................................. 12

*Siegert v. Gilley*, 500 U.S. 226, 231-233 (1991) ....................................................... 5

*Stankevitz v. Internal Revenue Service*, 640 F. 2d 205 (9th Cir. 1981) ..................... 6

*Todd v. United States*, 849 F.2d 365, 369 (9th Cir.1988) ........................................ 8

*Tonn v. United States*, 847 F. Supp. 711, 717-18 (D. Minn. 1993), *aff'd sub nom. Tonn v. Forsberg*, 27 F.3d 1356 (8th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995) ........................................................................ 7

*United States v. Bodwell*, 66 F.3d 1000, 1002 (9th Cir.1995) ................................ 7

*United States v. Engels*, No. C98-2096, 2001 WL 1078380, at *7 (N.D. Iowa May 24, 2001) ................................................................................ 10

*United States v. Fox*, 721 F.2d 32, 40 (2d Cir. 1983) ............................................ 12

*United States v. Shaw*, 309 U.S. 495, 500-01 (1940) ............................................... 4

*Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) .......................................................................................... 6, 8

*Wright v. Santoro*, 714 F. Supp. 665, 667 (S.D.N.Y. 1989) .................................... 5

*Yalkut v. Gemignani*, 873 F. 2d 31, 34-35 (2d Cir. 1989) ........................................ 6

*Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) ...................... 4

**FEDERAL STATUTES**

*U.S. Const*. Amend. V .................................................................................. 6-10
26 U.S.C. § 6213 ................................................................................................ 9
26 U.S.C. § 6214 ................................................................................................ 9
26 U.S.C. § 7402 ................................................................................................ 2
26 U.S.C. § 7408 ................................................................................................ 2
26 U.S.C. § 7422 ................................................................................................ 9
26 U.S.C. § 7433 ........................................................................................... 9-11
28 U.S.C. § 1346(a)(1) ....................................................................................... 9
28 U.S.C. § 1491 ................................................................................................ 9
Fed. R. Civ. P. 4(d) ......................................................................................... 13
Fed. R. Civ. P. 4(e) ......................................................................................... 13
Fed. R. Civ. P. 12(b)(5) ................................................................................... 13
Fed. R. Civ. P. 12(b)(6) ............................................................................ 2-3, 10

**OTHER AUTHORITIES**

1988 U.S.C.C.A.N. 5048, 5289 ........................................................................ 9, 11

Pub. L. No. 100-647 § 6226, 102 Stat. 3730 ........................................................ 9

S. 2223, 100th Cong., 2d Sess. § 123 (1988) ....................................................... 11

Treas. Reg. § 301.7433-1 ...................................................................................... 10

Plaintiff United States of America, in support of its motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the counterclaim asserted by Defendant David Champion against Revenue Agent Thomas Cheung[1], states as follows:

Champion's counterclaim purports to state a "Bivins claim" against Revenue Agent Cheung[2] for damages for Constitutional violations relating to a summons enforcement proceeding brought against Champion in 2008 (presumably, Champion intended to invoke *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). But the counterclaim should be dismissed for failure to state a claim upon which relief can be granted, because a *Bivens* claim does not arise from actions taken by federal officers to determine, assess, or collect a federal tax liability. Rather, the sole remedy available to protest such conduct is via specified statutory relief set forth in the Internal Revenue Code - none of which Champion could avail himself of in any event, or which Champion already unsuccessfully argued in the context of the summons proceeding from which his counterclaim factually arises. Based upon the facts pled, Champion simply does not have a cause of action against Revenue Agent Cheung under any conceivable theory of law. He instead simply hopes to relitigate claims he unsuccessfully argued in a summons enforcement proceeding underlying this case.

---

1. On April 20, 2011, this Court ordered Champion to show cause why his counterclaim against "Judge John Doe" (likely Judge Anderson, who ruled on the summons enforcement proceeding underlying this action) should not be dismissed. Champion's time to respond to the Order to Show Cause has since been enlarged to May 26, 2011. The United States is prepared to respond to whatever document Champion ultimately files, depending upon the wishes of the Court.

2. Revenue Agent Cheung operates under a pseudonym authorized by and registered in accordance with applicable IRS procedures (Internal Revenue Manual § 1.2.4).

*Relevant Facts*

Champion's counterclaim arises out of a 2008 summons enforcement proceeding brought against him (*United States v. Champion,* No. CV08-01629-PA-JWJx)(the "Summons Enforcement Proceeding") after he refused to comply with an IRS summons served upon him by Revenue Agent Cheung.

Counterclaim Defendant Cheung is employed as a revenue agent in the Los Angeles Territory, Group 1453, Area 7, Territory 1, Examination, Small Business/Self-Employed Division, of the IRS, and has been a revenue agent for 19 years. On February 15, 2006 the IRS issued an administrative summons to Champion. Revenue Agent Cheung issued the summons in connection with his investigation of Champion's involvement in what appeared to be an abusive tax promotion scheme in which Champion falsely advised his taxpayer customers that they could designate themselves "nontaxpayers" and thereby legally avoid federal income taxation, and also assisted such customers in realizing this fictitious "nontaxpayer" status. One of the goals of Revenue Agent Cheung's investigation was to determine whether injunctive relief should be sought against Champion under 26 U.S.C. ("I.R.C.") §§ 7402 and/or 7408.

After Champion failed to comply with the summons, in March of 2008 the Government initiated the Summons Enforcement Proceeding in the United States District Court for the Central District of California. Shortly thereafter, at a hearing on April 30, 2008, Champion agreed to produce the requested documents and the Court issued an order for him to appear before the IRS and comply with the summons. (Order to Comply with IRS Summons, dated April 30, 2008 (Summons Enforcement Proceeding, Docket No. 9)). Champion failed to comply with that order, so on June 8, 2008, the United States filed a motion to hold Champion in contempt (*Id.,* Docket No.24). The Court held a hearing on the contempt motion on September 8, 2008 (*Id.,* Docket No. 38), found Champion in contempt, and placed him in confinement until

he purged himself of his contempt shortly thereafter by producing the materials that had been requested by the IRS summons. The Government used and/or considered some of the materials obtained from Champion in the summons enforcement proceeding in its determination to bring this civil lawsuit.

The complaint in this action was filed in early February of this year and served on Champion that same month. After receiving an enlargement of time in which to respond, Champion moved to dismiss the action (this case, Docket No. 7) but in the same pleading also asserted a counterclaim against Revenue Agent Cheung. Champion's counterclaim specifically asserts that Revenue Agent Cheung violated Champion's "constitutionally protected right of silence" in compelling the production of testimony and materials in response to a validly issued IRS summons (Counterclaim, ¶¶ 23-24, 32-36)). By seeking, and then obtaining, information from Champion, the Defendant argues, Revenue Agent Cheung obtained information "which has formed the predicate for further enforcement action including but not limited to the present civil action" (*Id.* ¶ 39). As a result, Champion's purported "deprivation of constitutional rights" resulted in the filing of the present civil action, for which Champion seeks "damages actual and exemplary" (although he has not specified the amount or nature of the damages beyond the need to respond to the lawsuit generally)(*Id.* ¶ 41).

## ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claim or claims as they are pled in the complaint. Accordingly, factual allegations in the claim are presumed correct and construed in the nonmovant's favor. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). Nevertheless, a 12(b)(6) motion should be granted if it does not appear beyond doubt that the claimant can prove facts that would entitle him to relief based upon the applicable legal standards governing

the asserted claim. *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005); *see also Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The dispositive issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir.2003) *(quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Government is mindful of the fact that Champion is a *pro se* claimant. Even so, "[a]lthough a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir.1995). Where amending the claim at issue would be futile no matter how artfully pled, dismissal of the claim with prejudice is warranted. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

### I.  The Counterclaim Fails to State a Constitutionally-Based Cause of Action Against Cheung.

It is well settled that as a sovereign entity, the United States is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). Suits brought against government officials and employees, such as IRS Revenue Agents, acting in their official capacity are generally considered to be included within the protections afforded by the doctrine of sovereign immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)("[a] suit against IRS employees in their official capacity is essentially a suit against the United States . . . [and] dismissal is required.")

Despite the above, the doctrine of sovereign immunity does not bar damage actions against federal officials in their <u>individual</u> capacity for violation of a

4

claimant's constitutional rights. *Bivens,* 403 U.S. 388 (1971). But such claims are not easily mounted. *Hudson Valley Black Press v. Internal Revenue Service*, 370 F. Supp. 2d 543, 548 (S.D.N.Y. 2004)(for many years "the [Supreme] Court has 'consistently refused to extend *Bivens* liability to any new context or new category of defendants")(*quoting Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

When a claimant asserts a *Bivens* claim, there is an "analytical framework" set down by the Supreme Court for determining the overall validity of the claim. *Siegert v. Gilley*, 500 U.S. 226, 231-233 (1991). The threshold step of this analysis (before the ultimate issue of the relevant governmental official's entitlement to qualified immunity[3/] is considered) is whether the complaint states a claim "for violation of any rights secured by the United States Constitution." *Siegert*, 500 U.S. at 227; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ("the better approach to resolving cases . . . is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all"). The claimant bears the burden of establishing both that he has alleged with requisite particularity that the defendant violated a cognizable constitutional right (*Siegert*, 500 U.S. at 233), but also that the constitutional right upon which he bases his claimed entitlement to relief was "clearly established" at the time the defendant acted. *Davis v. Scherer*, 468 U.S. 183, 197 (1984). If he cannot do so, the claim should be dismissed. *Abecasis v. Chestnut*, No. 93 Civ. 4246, 1998 WL 151035 (S.D.N.Y. 1998); *Wright v. Santoro*, 714 F. Supp. 665, 667 (S.D.N.Y. 1989).

---

3. As observed in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818; *DeLeon v. Dexter*, No. EDCV 09–1803–VBF (JEM), 2011 WL 1334411 (C.D. Cal. Apr. 5, 2011)(dismissing constitutional claims in part on basis of finding of qualified immunity).

5

Champion's counterclaim asserts that by dint of Revenue Agent Cheung's involvement in the enforcement of an IRS summons, Revenue Agent Cheung coerced Champion into conceding his Fifth Amendment right against self-incrimination. But such alleged conduct does not set forth the "deprivation of the plaintiff's life, liberty, or property without due process" sufficient to state a *Bivens* claim. As numerous Courts of Appeal have determined, no *Bivens* cause of action has been recognized for constitutional violations that occur in connection with the audit, assessment, or collection of federal tax liabilities. *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990); *Baddour, Inc. v. United States*, 802 F.2d 801, 807-808 (5th Cir. 1986); *Cameron v. Internal Revenue Service*, 773 F.2d 126, 128-29 (7th Cir. 1985); *Yalkut v. Gemignani*, 873 F. 2d 31, 34-35 (2d Cir. 1989); *Stankevitz v. Internal Revenue Service*, 640 F. 2d 205 (9th Cir. 1981).

The *Wages* case is particularly instructive. There, the plaintiff brought a *Bivens* action against four IRS employees, alleging that certain "IRS audits and collection practices" taken against her by these employees had "violated her first, fourth, fifth, seventh, eighth, ninth, and fourteenth amendment rights . . ." 915 F.2d at 1232. Following dismissal by the district court of two different versions of the complaint, the Ninth Circuit affirmed the dismissal, noting that "we have never recognized a constitutional violation arising from the collection of taxes." Id. at 1235; *see also Henkell v. United States*, No. S-96-2228 MLS GGH, 1998 WL 41565, at *8 (E.D. Cal. 1998)("[t]he Ninth Circuit has refused to recognize a *Bivens* claim premised on improper tax assessments or collection activities. According to the Ninth Circuit, the remedial scheme of the Internal Revenue Code provides taxpayers with a sufficient means for challenging and correcting inappropriate conduct by IRS employees"(*citing Wages*)).

Many federal courts have specifically refused to recognize a cause of action under *Bivens* for purported Fifth Amendment violations. *See, e.g., National*

6

1 *Commodity Barter Association v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989)(no
2 action lies against IRS employee for alleged violations of Fifth Amendment); *Tonn*
3 *v. United States*, 847 F. Supp. 711, 717-18 (D. Minn. 1993), *aff'd sub nom. Tonn v.*
4 *Forsberg*, 27 F.3d 1356 (8th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995); *Heft v.*
5 *McGrath*, 784 F. Supp. 1426, 1431 (E.D. Mo. 1992).

6 Significantly, Champion has not even adequately pled a violation of his Fifth
7 Amendment rights in this action. Champion's counterclaim essentially maintains that
8 his right against self-incrimination was violated by being forced to provide (via an
9 IRS summons) some of the evidence upon which this lawsuit - a civil proceeding -
10 relies. But the Fifth Amendment protects individuals solely from incriminating
11 themselves in the *criminal*, not the civil, context. *United States v. Bodwell*, 66 F.3d
12 1000, 1002 (9th Cir.1995) ("[t]he Fifth Amendment ' . . . protects against any
13 disclosures which the witness reasonably believes could be used in a *criminal*
14 *prosecution or could lead to other evidence that might be so used*'") (*emphasis*
15 *added*)(*quoting Kastigar v. United States*, 406 U.S. 441, 444-45 (1972)).

16 Champion cannot claim a Fifth Amendment-based cause of action by pointing
17 to the civil harms that derive from his unsuccessful efforts to invoke his Constitutional
18 privilege.[4] Indeed, courts recognize that one of the costs of asserting the Fifth
19 Amendment privilege against self-incrimination is the risk that its invocation will
20 produce adverse evidentiary inferences. *Baxter v. Palmigiano*, 425 U.S. 308, 318
21 (1976) (the "prevailing rule" is "that the Fifth Amendment does not forbid adverse
22 inferences against parties to civil actions when they refuse to testify in response to
23 probative evidence offered against them"); *SEC v. Colello*, 139 F. 3d 674 677 (9th Cir.
24 1998)(while "[p]arties are free to invoke the Fifth Amendment in civil cases, . . . the

---

4. In addition, as discussed below, in the Summons Enforcement Proceeding Champion raised Fifth Amendment objections to the IRS summons but was unsuccessful, and he failed to prosecute an appeal that determination.

7

court is equally free to draw adverse inferences from their failure of proof"); *see also LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389-90 (7th Cir.1995)("[t]he drawing of an adverse inference from Fifth Amendment silence" in a civil case does not "impose an unconstitutional cost on the exercise of the privilege" if other incriminating evidence is presented).

## II. A *Bivens* Claim Is Precluded by the Comprehensive Remedial Scheme Contained in the Internal Revenue Code.

Even if Champion has alleged facts which, if proven, would establish a viable claim that Revenue Agent Cheung violated his Fifth Amendment rights, a damages remedy is not available to redress any such alleged violation here. In *Bivens* itself, the Supreme Court held that a damages remedy should not be inferred from the Constitution where an equally effective alternative remedy has been provided or "special factors counsel hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S. at 396-97; *see also Bush v. Lucas*, 462 U.S. 367, 373, (1983)(Congress may "expressly preclude[] the creation of such a [Constitutional] remedy by declaring that existing statutes provide the exclusive mode of redress") .

The availability of remedies created by Congress as part of a comprehensive remedial scheme may constitute a "special factor" counseling against a judicially created cause of action, even where those remedies provide less than complete relief to an injured plaintiff. This principle is especially applicable in cases involving the assessment and collection of federal taxes. *Wages,* 915 F.2d at 1235 (even assuming a constitutional violation had occurred, "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation"); *Todd v. United States*, 849 F.2d 365, 369 (9th Cir.1988) (a statutory provision enabling a taxpayer to challenge an assessment after it has been levied satisfies the dictates of due process); *see also Cameron*, 773 F.2d at 129 ("Congress has given taxpayers all sorts of rights against

an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damages action against Treasury employees").

There are numerous means provided under the Internal Revenue Code by which a party can challenge the Government's efforts to assess or collect taxes - but none are applicable here. This case does not involve a tax assessment against Champion, so provisions of the Internal Revenue Code that permit taxpayers to challenge the propriety, amount, or reasonableness of such a determination are not available to him as a cause of action. (*See, e.g.,* 26 U.S.C. §§ 6213, 6214 (permitting taxpayer to file a petition in the United States Tax Court challenging a tax deficiency determination; 26 U.S.C. § 7422 and 28 U.S.C. §§ 1346(a)(1) and 1491 (taxpayer may also pursue the refund remedies available under Section 7422 in a district court or the Court of Federal Claims, again challenging any adverse IRS determination with respect to his or her tax liability).

The one provision of the Internal Revenue Code even potentially providing a cause of action to Champion is Section 7433. 26 U.S.C. § 7433. As Section 7433 provides, a claimant is entitled to a damages remedy against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title . . . . " 26 U.S.C. § 7433(a) (emphasis added). Section 7433 was added to the Code by the Omnibus Taxpayer Bill of Rights, Pub. L. No. 100-647 § 6226, 102 Stat. 3730, to allow taxpayers to recover for the actual economic loss caused by reckless or intentional disregard of the Internal Revenue Code by IRS employees collecting tax. H.R. Rep. No. 1104, 100th Cong., 2d Sess. 229, reprinted in 1988 U.S.C.C.A.N. 5048, 5289. Section 7433 provides that "[e]xcept as provided in section 7432, such civil actions

1  [under Section 7433] shall be the exclusive remedy for recovering damages resulting
2  from such actions." Thus, Congress has expressed its intent that damages caused
3  when a federal official disregards the Internal Revenue Code or the relevant
4  regulations in collecting taxes can be compensated only through Section 7433, and not
5  through a *Bivens* action.

6  At present, Champion has not attempted to plead a cause of action under
7  Section 7433 - but he could not do so given the facts at issue (and he should not be
8  permitted to amend his counterclaim for this purpose). This is because a Section 7433
9  claim can only challenge allegedly wrongful IRS conduct as it relates to the *collection*
10 of taxes - not their audit or assessment. *Buaiz v. United States*, 471 F. Supp. 2d 129,
11 135-36 (D. D.C. 2007)(observing, based upon decisions from all circuits that have
12 addressed the issue, that Section 7433 "does not provide a cause of action for
13 wrongful tax assessment or other actions that are not specifically related to the
14 collection of income tax"); *United States v. Engels*, No. C98-2096, 2001 WL
15 1078380, at *7 (N.D. Iowa May 24, 2001)(same). The summons at issue related
16 solely to a Section 6700 investigation of Champion and not the assessment of audit
17 of taxes owed by him. Therefore, any claim asserted by Champion alleging that the
18 summons enforcement proceeding, and Revenue Agent Cheung's involvement in the
19 same, violated Section 7433 would be subject to dismissal under Rule 12(b)(6).[5/]

20 The fact that there may be no statutory-based remedy under the Internal
21 Revenue Code governing Champion's counterclaim as pled does not support implying
22 one through *Bivens.* The legislative history surrounding the enactment of Section

---

24 5. As an additional barrier to a Section 7433 claim, Champion would not be able to
25 assert such a cause of action before exhausting his administrative remedies. I.R.C. §
   7433(d)(1); *see also* Treas. Reg. § 301.7433-1 (setting forth specific elements of
26 exhaustion); *see also Conforte v. United* States, 979 F.2d 1375, 1377 (9th Cir. 1992);
27 *Gaines v. United States*, 424 F. Supp. 2d 219, 222-23 (D. D.C. 2006). Champion
   certainly has not done so at this point.
28

7433 suggests that Congress considered, but rejected, the idea of creating a damages remedy for the reckless or intentional disregard of the Internal Revenue Code in determining a taxpayer's tax liability. As originally introduced in the Senate, the legislation that became Section 7433 contained the following language:

> Section 7433. Civil Damages For Unreasonable Actions.
>
> (a) In General.—If, in connection with any determination or collection of Federal tax, any officer or employee of the Internal Revenue Service carelessly, recklessly, or intentionally disregards any provision of Federal law, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

S. 2223, 100th Cong., 2d Sess. § 123 (1988). Yet in enacting Section 7433 into law, Congress expressly stated that "[a]n action under this provision [Section 7433] may **not** be based on alleged reckless or intentional disregard in connection with the **determination** of tax." H.R. Conf. Rep. No. 1104, 100th Cong.2d Sess. 229, reprinted in 1988 U.S.C.C.A.N. 5048, 5289 (emphasis added).

Courts have frequently recognized the detailed remedies provided by the Internal Revenue Code for challenging all aspects of the process of tax assessment and collection. *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 410, *cert. denied*, 540 U.S. 825 (4th Cir. 2003)("[i]t would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code"). Here, the lack of a remedy specific to these circumstances reflects the fact that Congress (which enacted the tax code) did not intend for additional such remedies, and therefore, as observed in *Bivens* itself, "special factors counsel hesitation" in implying such a remedy. *Bivens*, 403 U.S. at 396-97; *see also Hudson Valley Black Press v. Internal Revenue Service*, 307 F. Supp. 2d 543, 551 (S.D.N.Y. 2004)("the existence of a comprehensive remedial framework enacted by Congress governing disputes between taxpayers and the IRS and individual IRS agents 'suggests that Congress has provided what it considers adequate

remedial mechanisms for constitutional violations'" and none others should be impliedly identified under *Bivens*)(*quoting Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)).

In any event, the Internal Revenue Code ***does*** provide a means for raising the Fifth Amendment objections asserted by Champion in his counterclaim: a summons enforcement proceeding. *Judicial Watch*, 317 F.3d at 410 (observing that the ability to "force the IRS to initiate a summons enforcement proceeding, and then challenge the validity of [an] audit in that forum" is one means by which the Internal Revenue Code provides a means to challenge "actions of the IRS as well as those of individual agents.") A party may raise self-incrimination objections to an IRS summons. *Kastigar,* 406 U.S. at 444-45 (Fifth Amendment "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used"); *United States v. Fox*, 721 F.2d 32, 40 (2d Cir. 1983) (a person who invokes the Fifth Amendment as a basis to withhold documents must "make a showing as to how disclosure of the summoned documents might tend to incriminate him." )

Champion was unsuccessful in these arguments - as the Government pointed out recently in its opposition to Champion's motion to dismiss this action. (*See* United States' Opposition to Motion to Dismiss, dated March 25, 2011 (Docket No. 11), at 6-8). The Summons Enforcement Proceeding is long over and its determinations are final, so Champion cannot relitigate arguments raised but rejected in that proceeding by recasting them in the form of a *Bivens* claim. *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995)(under doctrine of *res judicata*, a final judgment on the merits precludes parties from relitigating claims that were or could have been raised in the prior completed action); *Research Air, Inc. v. Norton*, No. Civ. A. 05-623 (RBC), 2006 WL 508341, at *8 (D. D.C. Mar. 1, 2006)(*Bivens* claim

12

simply repeated claim that was essentially same cause of action as previously dismissed claim and was therefore precluded under *res judicata* analysis).

### III. Champion Has Failed to Serve Revenue Agent Cheung Personally With his *Bivens* Counterclaim.

Because a *Bivens* action seeks damages against a governmental official in his individual capacity, that official must be personally served with a copy of the claim. *Essell v. Drug Enforcement Admin.*, 121 F.3d 715 (9th Cir. 1997)(dismissing *Bivens* claim for failure of personal service of process); *see also Armstrong v. Sears*, 33 F.3d 182, 187 (2d Cir.1994) (*Bivens* actions against federal employees require personal service pursuant to Fed. R. Civ. P. 4(e) or waiver of process under Fed. R. Civ. P. 4(d)). Here, Champion has never served Revenue Agent Cheung personally with a copy of the counterclaim, nor has he filed proof of service either. This lawsuit should therefore also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Accordingly, and for the reasons set forth above, the United States respectfully requests that the Court grant the United States' Motion and dismiss the counterclaim asserted against Revenue Agent Cheung.

May 16, 2011

                            Respectfully submitted,

                            ANDRÉ BIROTTE JR.
                            United States Attorney

                            SANDRA R. BROWN
                            Assistant United States Attorney
                            Chief, Tax Division

GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4600
Facsimile:   (213) 894-0115
E-mail: Gavin.Greene@usdoj.gov

/s/ Brian H. Corcoran
BRIAN H. CORCORAN
Member, DC Bar, No. 456976
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Telephone: (202) 353-7421
Facsimile: (202) 514-6770
E-mail: brian.h.corcoran@usdoj.gov

14