David A. Champion
2220 Nevada West Blvd., Suite 2
Pahrump, Nevada 89048
775-751-0811



FILED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CHAMPION,<br><br>Defendant | Case No.: CV11 01175 DMG (SSx)<br><br>DEFENDANT'S MOTION TO ENLARGE TIME WITHIN WHICH TO TIMELY MAKE AND FILE RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE "RE DISMISSAL OF COUNTERCLAIM"<br><br>Date: 6-27-2011<br>Time: 9:30AM<br>Courtroom: 7<br>Judge Dolly M. Gee |

TO THE HONORABLE JUDGE OF SAID COURT:

**DAVID CHAMPION,** here proceeding pro se, files this his Defendant's Motion to Enlarge Time within which to Timely Make and File Response to the Court's Order to Show Cause "Re Dismissal of Counterclaim" and for cause will show the court as follows:

### I.    BACKGROUND

1. This Court, post reassignment to Judge Dolly M. Gee, has cancelled the scheduled oral hearing on Champion's Motion to Dismiss, etc. and has sua sponte rescheduled the same for submission to the court in chambers.

2. On 15 April 11, inter alia, Champion's Motion to Dismiss came before the Court for consideration.

3. The court signed and directed that Champion was then:

*"ORDERED TO SHOW CAUSE in writing by no later than 4 May, 2011 why Defendant's Counterclaim against Judge John Doe" i.e., Judge Percy Anderson, should not be dismissed with prejudice. Defendant is advised that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of his Counterclaim with prejudice.* (See: Page 3 Last Paragraph of the " Civil Minutes of 20 April 11 – Dkt #13 – 20 April 11)

4. Champion has received actual notice of the said Order to Show Cause of 20 April 11 via US Mail.

5. One previous Motion to Enlarge Time has been requested by Champion and the same was granted by this court to and including 26 May 11.

6. The scope of the research and preparation for Champion's Response to the court's order to show cause requires an added extension of time to fully complete and file.

7. Accordingly, pursuant to FRCivP, Rule 6, 6(b), and 6(d), et seq. it is now necessary for Champion to move the court for one added ten (10) day enlargement of time within which to make a meaningful and proper response to the 20 April 11 Order to Show Cause.

8. Accordingly, this Second Motion to Enlarge Time being necessary, and the same being (*with present expectation*) opposed by the United States Attorney

assigned to this case, is here being timely made and filed with the clerk in the manner prescribed by the rules of court as follows:

## II.
## DEFENDANT'S MOTION TO ENLARGE TIME WITHIN WHICH TO TMELY MAKE AND FILE RESPONSE TO THE COURT'S ORDER TO SHOW Cause "RE DISMISSAL OF COUNTERCLAIM"

9. As stated above, Defendant has previously made one motion to enlarge time and the same has been granted by this court to and through 26 May 11.

10. Defendant has been unsuccessful to date in retention of counsel for his defense in this case. Accordingly, Defendant is here proceeding pro se in making response to the Court's Order to Show Cause.

11. This Court has directed and Ordered that Champion "…Show Cause why Defendant's Counterclaim against Judge John Doe" i.e., Judge Percy Anderson, "should not be dismissed with prejudice" - - and - - the Court has further directed that the response be filed with the court "…in writing by no later than May 4, 2011…".

12. Since the Order of the court shall be respected and complied with in every possible manner; and since the subject Counter-Defendant is crucial to Champion's overall defense and response to the underlying complaint; and since the Champion has been egregiously injured by the facts and circumstances made the basis of the subject counterclaim, the subject Defendant/Counterclaimant Champion is obliged

to make a substantial and effective response to the court's Show Cause Order and the sua sponte Motion to Dismiss the Counter-Defendant from this action.

13. However, completion of Champion's response to the court's show cause order has become impossible to complete and file within the time previously requested and granted by this court.

14. Champion's response cannot possibly and/or responsibly be made within the time frame as is now extended by the court's enlargement on or before tomorrow 26 May 11 – a date which is as of today only one day from today.

15. The present due date and time frame for Champion's response is complicated by the issues which form the basis of the Show Cause Order and the same response is burdened by the distance that Champion resides from the Court. For example, ordinary mail service is three days with Overnight Express mail service requiring two (2) days and even Federal Express overnight Service is two (2) days. Due to the short time frame in which the court has required Champion to make and file his response, the United States mail service has placed Champion at an unreasonable and unfair disadvantage and burden thusly requiring this Motion to Enlarge Time.

16. Further the complexity of the response as ordered, its required research, drafting and completion along with the communication of that timely response to

the court clerk for filing reasonably requires more time than is possible within the present deadline of 26 May 11.

17. Further, Defendant is laboring under the belief that the court owes a duty to Defendant pursuant to due process of law as to a reasonable notice of the particularized defects pertaining to the counter-complaint and a reasonable opportunity to cure those defects prior to the complaint being dismissed with prejudice as is threatened by this court.

18. Defendant will observe no particularity existing in this case as yet regarding the particularized defects giving rise to the apparently sua sponte motion to dismiss or any reasonable opportunity to make cure of those defects along with a reasonable time within which to do so. See: <u>Noll v Carlson</u>, 809 F2d 1449 (9th Cir 1987).

19. The 9th Circuit's Noll court observe in pertinent part as follows:

> *"The requirement that **<u>courts</u>** provide a pro se litigant with notice of the deficiencies in his or her complaint helps ensure that the pro se litigant can use the **<u>opportunity to amend effectively</u>**. **<u>Without the benefit of a statement of deficiencies</u>**, the pro se litigant will likely repeat previous errors. This is equally true for the pro se litigant who amends his complaint at his own instance **<u>without any guidance from the court</u>**. Amendments that are made without an understanding of underlying deficiencies are rarely sufficient to cure inadequate pleadings."* See: <u>Noll</u>, supra, at page 1448. **(Boldface and <u>underlined emphasis</u> is added to original text)**

20. In addition to the **<u>procedural deficiencies</u>** surrounding the court's imposed requirements rising from the Show Cause Order of 20 April 11, there are

***substantive issues*** that should be considered as well. In this case one of the two Defendant's made the object of Champion's Counterclaim is "Judge John Doe" who, it seems, is the object of the Court's sua sponte Motion to Dismiss and Show Cause Order. There are accordingly, three cases which have preliminarily been identified as being relevant to an evaluation at law respecting Champion's coming response in full (as distinguished from this abbreviated and encapsulate within this present Motion to Enlarge Time. In abbreviated notation they are as follows:

    a) Respecting a judicial officer's liability in federal actions: "Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law." See: Owen v. Independence, 100 S.C.T. 1398, 445 US 622, and

    b) Further respecting a judicial officer's liability in federal actions: "A judge is liable for injury caused by a ministerial act; to have immunity the judge must be performing a judicial function. See, e.g., Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676; 2Harper & James, The Law of Torts 1642-1643 (1956). The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function. When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual

judgment; he acts no longer as a judge, but as a 'minister' of his own prejudices." - Pierson v. Ray, 386 U.S. 547, at 567 (1967).

    c) Lastly, in this abbreviated and preliminary response to the Court's Show Cause Order of 20 April 11, Champion will note that from the facts and circumstances of this case and as was noted in the court's Civil Minute of 20 April 11, it is not the fact that "Judges are immune from civil suits arising out of the exercise of his judicial functions" rather the basis of Champion's counter-complaint is with respect to the liability of Judicial officials who are acting injuriously and contrary to the constitutional protections when above, beyond and thus outside of the lawful jurisdiction of any judicial function. Champion argues that latter circumstance is what is active in this case and thus gives rise to a profoundly legitimate and proper Federal Civil Action.

    d) Of course, further research needs to be complete and summarized in Champion's coming response, which is the reason and basis of this preset motion to Enlarge Time.

21. Accordingly, this present motion is particularly focused upon the added time necessary as set out in this Second Motion to Enlarge Time and for a reasonable

added time within which to make meaningful response to the Motion and Order framed by this court in its CIVIL MINUTES-GENERAL dated 20 April 11.

22. Defendant is not professionally trained or experienced in the task required to meet the rules of court within the present time limits and deadline of 26 May 11.

23. Accordingly, it is necessary that Defendant request a second enlargement be granted and now move this court for a reasonable and added time of ten (10) added days within which to make timely response to the Order to Show Cause of 20 April 11 in writing and to timely file the same with the clerk of this court.

24. Enlargement of 10 days from the present deadline for filing Champion's response will extend the Defendant's Written Response present due date from Thursday, 26 May 11 extending to and including Sunday, 5 June 11.

25. No one will be prejudiced by this Court granting to Champion a reasonable and sufficient time within which Champion may fully and completely make a proper response to the Court's Order to Show Cause dated 20 April 11.

26. This motion to enlarge time is not being made for any purpose of delay but rather is being made so as to afford Defendant his due process right to a sufficient and reasonable time within which to make a meaningful and proper research, draft, preparation and filing of the Ordered response to this court's Order to Show Cause dated 20 April 11.

27. No one will be injured or delayed inappropriately if this motion is granted, conversely the court's grant of this Champion's second motion to extend time to will assure Champion of his due process right of sufficient and reasonable time within which to make meaningful response to the Court's Order to Show Cause of 20 April 11 as is now received from this court.

WHEREFORE PREMISES CONSIDERED, David Champion requests of this court a reasonable and sufficient second enlargement of time of ten (10) days within which Defendant may timely research, draft, complete and timely file his Response to the Court's Order to Show Cause dated 20 April 11, the same to be enlarged from the present due date of 26 May 11 and to extend that due date to and including 5 June 11. Defendant requests other relief to which this court may deem must. Defendant requests justice.

Dated on this the 25 day of May, 2011

Respectfully submitted,

_David Champion_
David Champion
2220 Nevada West Blvd., Suite 2
Pahrump, Nevada   89048
775-751-0811

## CERTIFICATE OF CONFERENCE

I David Champion hereby Certify that on Wednesday, 25 May 11 I have telephoned the United States Attorney representing Plaintiff at his office phone (ie: 202-353-7421) and inquired as to his opposition and/or non opposition to the foregoing Motion to Enlarge Time - - - and as result of that telephone conference Trial Attorney Brian H. Corcoran indicated that he is opposed Champion's Motion to Enlarge time. Accordingly, Champion's Motion to Enlarge Time, etc is **"OPPOSED"** by the United States.
(and)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has on this the 25 day of May 2011, been forwarded to the address of counsel for the United States at the following address via US. Regular Mail with a copy of this pleading suitably wrapped with the following address and sufficient postage attached as follows:

Gavin L. Green                         Brian H. Corcoran
Federal Building – Room 7211           U.S. Department of Justice
300 N. Los Angeles Street              P.O. Box 7238
Los Angeles, California  90012         Washington, D.C.  20044

Original and copy to the clerk 1) via hand delivery via courier

_Dave Champion_ (signature)
Dave Champion
2220 Nevada West Blvd., Suite 2
Pahrump, Nevada   89048
775-751-0811