AUG-03 2007  13:13         IRS                                7603220892    P.03
Fax from :                                             08-01-07 13:31   Pg: 2

# THE OFFICE OF DAVID A. CHAMPION
### 1031 W. AVE. M14, SUITE A
### PALMDALE, CALIFORNIA 93551
### (661) 538-1888

August 1, 2007

Ms. Beverly Jergens
El Paseo Bank
74175 El Paseo
Palm Desert, CA 92260

Dear Beverly,

I am the Trustee of CSPS (an irrevocable trust). CSPS is a customer of El Paseo Bank, having a checking account with your institution.

Although I've not had the opportunity to speak directly with you in the last few days, I am told by the trust's Managing Agents that you have a new Summons from the IRS that requests account information on any account upon which "Constance 'Connie' Mack" is a signer, or words to that affect.

Please be aware that the language that appears on the Summons does not comport itself with the language of the statute that grants *summons authority* and therefore any Summons with that language is legally void.

Summons authority is found in §7602 of the Internal Revenue Code, which in its relevant parts states that Secretary has the authority to:

> [S]ummon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act...

This language clearly grants authority to summon:

1) Person liable for a tax.
2) An officer or employee of the person liable.
3) Any person having custody of the books of the person liable.

Clearly none of those granted – and limited – authorities apply to the account records of CSPS.

Andy recent said that El Paseo Bank is required to respond to any proper summons. I presume Andy meant any *lawful* summons. I presume you agree with that. The Summons that you possess at this time is seeking information that is beyond the statutory

1



Exhibit
9 Champion

AUG-03-2007  13:59           PALM SPRINGS           98%        P.03

authority granted to the IRS by Congress. Frankly, the Revenue Agent is on a fishing expedition, which you know as well as I do is impermissible.

El Paseo Bank has thus far attended to the privacy of CSPS's account information in a professional and admirable manner. I expect that you will continue to do so and <u>I do not consent to the records of CSPS being released to the IRS unless or until CSPS is named as the "taxpayer" on the Summons</u>.

I will now provide you with the tools you need to continue to properly and *legally* provide for CSPS's continued account privacy.

The most recent (and seminal) federal appellate decision concerning the IRS's authority to summons books and records is the 2nd Circuit Court of Appeals case, *Schulz v. U.S*, Docket #04-0196-cv, decided December 13, 2004.

In Schulz, the Plaintiff's *Motion to Quash Summons* was dismissed by the U.S. District Court because the government had not yet brought a judicial *enforcement action* [see 26 USC §7604]. Schulz appealed alleging that the lower court had failed to permit him to protect his books and records from unconstitutional seizure by dismissing the *Motion to Quash Summons*.

Interestingly, the 2nd Circuit agreed with the lower court based on the following legal fact:

> "As the Supreme Court pointed out in *United States v. Bisceglia*, IRS summonses have <u>no force and affect unless the Service seeks to enforce them through a §7604 proceeding</u>" [emphasis added] (at 3, 9)

> "[*Bisceglia*] reasoned that by creating the enforcement proceeding mechanism Congress had intended to place the federal courts between the IRS and the person summoned, and that the courts could contain [the threat of IRS overreaching] by narrowing the scope of or refusing to enforce abusive summonses."

"Overreaching" is exactly what the IRS is doing in this instance and the federal courts, including the U.S. Supreme Court, have said that a Summons has *no force and affect* unless or until enforced by a federal court. The reason that such summonses have no force and effect is to protect the summons target from the "overreaching" of the IRS.

*As trustee for CSPS I claim that protection to which the trust is entitled by federal statutory and decisional law.*

The Court continues:

> "...absent an effort to seek enforcement through a federal court, IRS summonses apply no force...and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order."

2

In summary, we find that:

1. An IRS summons has no force and affect unless backed by a judicial enforcement proceeding.
2. The enforcement proceedings are to serve as a form of protection from overreaching IRS summonses. [Exactly what CSPS is now facing.]
3. El Paseo Bank is under NO legal duty, nor otherwise compelled, to furnish the account information of CSPS to the IRS without a determination of a federal court at the conclusion of an enforcement proceeding.
4. If El Paseo Bank does not furnish the account information of CSPS "no consequence whatever can befall" it for failing to do what the law does *not* require.

Of course the comment about "no consequence" means that no consequence from the government. On the other side of the coin, since El Paseo Bank is not legally compelled to turn over the account records of CSPS, to do so would be a voluntary act which would in all likelihood require the trustee to file suit for damages regarding the Bank's violation of CSPS's privacy.

The solution to this situation is as simple as it is apparent. El Paseo Bank must not surrender the private account information of CSPS unless or until the IRS has prevails in an *enforcement proceeding*. The is no consequence for El Paseo Bank in doing so, and El Paseo Bank is also assisting its customer by requiring the IRS to seek an *enforcement proceeding* (if it so chooses), which then would allow CSPS to exercise it's statutory and decisional law remedy to the overreaching of the IRS by submitting a *Motion to Quash Summons* to the court.

I thank you in advance for your cooperation in this most delicate matter.

Sincerely,

Dave Champion