excise taxes under the guise of "income taxes", were not really "income tax acts".]

## Constitutional Regulations

In addition to allowing the national government to lay direct and indirect taxes, the US Constitution also mandates two "rules" concerning how the government can lay such taxes.

- Direct taxes must be "apportioned among the several states which may be included within this Union". [See Article I, Section 2, Clause 3 and Article 1, Section 9, Clause 4.]

- "All duties, imposts and excises [indirect taxes], shall be uniform throughout the United States". [See Article I, Section 8, Clause 1.]

Although there has been some debate on what **apportionment** actually means in a political sense, it is safe to say that it requires the population data from the most recent census be used to distribute the tax burden evenly throughout the states of the Union.

**Uniform** means that each person taxed in a given circumstance will be taxed at the same rate as any other person would be taxed in the very same circumstance. As an example, if a person produces 80 proof dark rum in the Virgin Islands and brings it into the United States at the port of New Orleans, he will be taxed exactly the same as any other man who would do exactly the same thing. However, if a man produces 100 proof dark rum in the Virgin Islands and brings it into port at New Orleans, it is Constitutional for him to be taxed at a different rate because his circumstance (bringing in 100 proof rum) is different from that of the first man (who was bringing in 80 proof rum).

## The Dastardly 16th Amendment!

Because this site is about facts, and not about rhetoric or hyperbole, we will not delve into the ugly waters of what the 16th Amendment might have been intended (secretly or otherwise) to accomplish, or how the politics of the 16th Amendment were devious, or whether or not the 16th was properly ratified. We will stick to "what is" in this day and age.

We describe the 16th Amendment as "dastardly" not because of the politics attendant to its drafting or its alleged ratification, but because of the great misunderstandings that have followed its alleged ratification and the massive governmental theft of property from the American people that has occurred due to that misunderstanding. It is a completely factual statement to say that the 16th Amendment has resulted in the largest fraud ever perpetrated by a government against its Citizens.

We say "fraud" because one of the elements of the crime of fraud is to remain silent when there is a clear duty to speak, and certainly our government has a clear duty to come out and tell the public that most Americans do not owe a penny of Subtitle 'A' or 'C' taxes, either under the original provisions of the Constitution, or under the alleged authority of the 16th Amendment (as you will see later).

**Exhibit**
18 Champion

ADMIN00005

Although the government has always had a duty to speak out, recently representatives of the United States Department of Justice and the Internal Revenue Service had agreed to attend a hearing arranged by We The People Foundation for Constitutional Education and Congressman Bartlett. [The hearing was originally scheduled for Sept. of 2001, but was rescheduled for Feb. of 2002.] The purpose of the hearing was for the American people to get straight answers to some disturbing questions about US tax law and the administration of tax policy. Two weeks after receiving the first 199 questions, the DOJ and the IRS broke their word and pulled out of the hearing.

The questions that were submitted to DOJ and IRS can be viewed at, http://www.givemeliberty.org/bartlettresponse/draftquestions01-22-02.html

Furthermore, the federal government (with the state governments acting in complicity) continually seizes property not lawfully subject to seizure, routinely forces nontaxpayers into regulatory administrative tribunals, and repeatedly puts people in jail for not paying a tax they never legally owed. [See The Willful Failure to File Scam.] And all of this government deceit and manipulation became possible only because the 16th Amendment exists.

### What Did The 16th Amendment Do?

The 16th Amendment was an attempt to overturn, by Constitutional Amendment, the supposed tax limitations placed on the national government by the decision of the US Supreme Court in the case of *Pollock v. Farmer's Loan and Trust Co.*, 157 US 429 (1895). [While we see the 16th Amendment as being wholly unnecessary as a response to the *Pollock* decision, that discussion would require an entire separate article.]

Here is what the 16th Amendment says:

> **The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.**

That's it! That's the entire text of the Amendment that has caused so much confusion and trouble.

Historically, Americans of yesteryear were aware that a direct tax was upon their person, or their real property (including slaves), or their exercise of other fundamental rights. They were also aware that a tax on the fruits of one's property (such as receiving payment from renting a piece of real property) was also a direct tax **unless** those earnings where in the course of a **privileged** activity, and then they were subject to an excise tax.

In Pollock, the US Supreme Court stated that a tax upon earnings derived from one's existing property (real or personal) must be considered a direct tax subject to the rule of apportionment. This gave rise to concern in banking and government circles because they felt (and we agree) that corporations are something that is legislated into existence by the government and therefore the fruits therefrom is properly subject to an excise tax.

In other words, the *Pollock* decision made no distinction between a man earning rent from his private property, and a man earning a return on his investment in a

ADMIN00006

Case 2:11-cv-01175-PA -SS   Document 50-22   Filed 12/12/11   Page 3 of 12   Page ID #:477

corporation. The former must properly be considered a direct tax, while the latter should rightly be considered an excise. The rent from a man's private property is his "private affairs", and thus outside government's authority to lay any tax except a direct tax subject to apportionment.

However, profit or gain (to a shareholder) from a corporate enterprise should properly be income subject to taxation as an excise taxable activity - after all, there would be no opportunity for said profit if the state hadn't granted the corporation into existence.

We may never know whether the framers of the 16th Amendment had a legitimate concern about Pollock being used to challenge the 1909 Corporate Tax Act, or whether it simply provided a convenient excuse to try and alter the Constitution's tax regulation (i.e. apportionment for direct taxes). Fortunately, it matters not what their intentions may have been; it only matters what was actually accomplished.

The US Supreme Court has ruled on the meaning of the 16th Amendment many times. However, because each case has had different particulars, it is sometimes difficult to understand the decisions in a cohesive fashion or to give all the cases one settled meaning. Fortunately, we don't need to spend a lot of time reconciling all the various particulars of each case because the Court has been very clear as to *the definition of "income"* **as used in the 16th Amendment**. Since the Amendment only grants Congress the power to "to lay and collect taxes on *incomes*", that definition is rather critical.

Let's look at what the various courts have said about "income" and the 16th Amendment:

> "The Treasury Department cannot, by interpretive regulations, make income out of that which is not income within the meaning of the revenue acts of Congress, **nor can Congress, without apportionment, tax as income that which is not income within the meaning of the 16th Amendment**."
> Helvering v. Edison Bros. Stores, 133 F.2D 575

The last part of that quote is crucial to a proper understanding of the impact 16th Amendment, and indeed the entire tax structure of the federal government. ***It is essential that you understand that only "16th Amendment income" can be taxed without apportionment***.

> "The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state; but ***the individuals' Right to live and own property are natural rights for the enjoyment of which an excise cannot be imposed***." Corn v. Fort, 95 S.W.2d 620 (1936)

From these two decisions alone, we can pinpoint some very crucial information.

- All property (which includes income) other than "16th Amendment income" can only be taxed if the tax is constitutionally apportioned.

ADMIN00007

Case 2:11-cv-01175-PA -SS   Document 50-22   Filed 12/12/11   Page 4 of 12   Page ID #:478

- "16th Amendment income" can be taxed without apportionment.

- Obviously the courts are making it clear that there is a real and significant distinction between "income" in the ordinary sense, and "16th Amendment income".

- A Citizen's property (which includes ordinary income) cannot be taxed as an excise.

Do you feel like we're narrowing in on the meat of the issue? Good, because we are!

Now that we know the points indicated above, what we really need to know is what is "16th Amendment income". Once we know that, we should be getting a pretty good handle on what is Constitutionally taxable and under what rules! Interestingly, in order to find the meaning of the word "income", as used within 16th Amendment, we must first explore the meaning of the word "income" as it is used within the 1909 Corporate Tax Act.

> "As has been repeatedly remarked, the corporation tax act of 1909 was not intended to be and is not, in any proper sense, an income tax law. This court had decided in the Pollock case that the income tax law of 1894 amounted in effect to a direct tax upon property, and was invalid because not apportioned according to populations, as prescribed by the Constitution. The act of 1909 avoided this difficulty by imposing not an income tax [direct], but an excise tax [indirect] upon the conduct of business in a corporate capacity, measuring however, the amount of tax by the income of the corporation".
> Stratton's Independence, LTD. v. Howbert, 231 US 399, 414 (1913)

As an indirect (excise) tax, the Corporate Tax Act of 1909 was not a tax upon property, but was a tax upon the privilege [enjoyed by the shareholders] of doing business in the corporate form, and the tax to be paid for exercising that privilege was determined by how much profit each shareholder took from the corporation.

So why is the 1909 Corporate Tax Act so important?

> "[Income]must be given the same meaning, in *all* the Income Tax Acts of Congress that it was given in the Corporate Excise Tax Act, and what that meaning is has become definitely settled by the decisions of this court".
> Merchants Loan & Trust v. Smietanka, 255 US 509 (1921)

By this decision, the Court stated that it would accept only one definition of "income" [under the 16th Amendment] and that any tax law that Congress wanted to pass under the authority of the 16th Amendment would have to use just that one definition of "income" - and that definition was the one Congress used in the 1909 Corporate Tax Act! In short, the Court was telling Congress that since the 16th Amendment was a part of the Constitution [the non-ratification issue had not yet been raised] its meaning must be fixed and permanent, and since Congress could not be trusted to stick to one single definition, the Court was giving Congress one single definition with which to work if it wished its income tax acts to pass Constitutional scrutiny by the Court.

ADMIN00008

Case 2:11-cv-01175-PA -SS   Document 50-22   Filed 12/12/11   Page 5 of 12   Page ID #:479

So now that we know the "form" of the tax being laid in the 1909 Corporate Tax Act, and we know that its definition must be used in every income tax act Congress might create, what has the Court said about the definition of "income" in the 1909 Corporate Tax Act?

> "[Income is] derived--from--capital--the--gain--derived--from--capitol, etc. Here we have the essential matter--not gain accruing to capitol, not growth or increment of value in the investment; but **a gain, a profit**, something of exchangeable value...**severed from capitol** however invested or employed and coming in, being "derived", that is received or drawn by the recipient for his separate use, benefit and disposal--**that is the income derived from property. Nothing else answers the description...**" [emphasis in original]
> Eisner v. Macomber, 252 US 189 (1920)

O.K...so now we know the "form" of the 16th Amendment income tax, the fact that all 16th Amendment income taxes must use the same definition of "income", and we have the formula for determining what "16th Amendment income" is. The only thing we're really missing at this point is specifically what activity is taxable under the 16th Amendment!

> "Whatever difficulty there may be about a precise and scientific definition of 'income', it imports, as used here, something entirely distinct from principle or capital either as a subject of taxation or as a measure of the tax; *conveying rather the idea of **gain or increase arising from corporate activities**.*"
> Doyle v. Mitchell Brother, Co., 247 US 179 (1918)

In June of 1909 President Taft made a speech before Congress. After commenting on the Pollock decision, he stated:

> "...I therefore recommend an amendmentimposing on all corporationsan excise tax measured by 2% in the net income of such corporations. This is an excise on the privilege of doing business as an artificial entity"
> Congressional Record, June 16, 1909, Pg. 3344

Two months later Congress drafted the Corporate Tax Act of 1909.

So, if Congress could pass a tax bill laying a tax on the profits of corporations prior to the 16th Amendment, why was the 16th Amendment needed? We may never know what the true intention of the framers of the 16th Amendment were, but there are three prevailing opinions:

- They honestly felt that the Pollock decision could be a threat to taxing corporate investment profits and so they moved to overturn the Pollock decision's holding that a tax upon the gains from existing property was a direct tax.
- They did not think Pollock was a threat, but it made a convenient excuse to attempt to undermine the constitutional rule of apportionment on direct taxes, which many greedy politicians found terribly restrictive to their goal of robbing the American people through taxation.
- They felt that shareholder's profits from state-charted corporations could

ADMIN00009

not be reached by the federal government for tax purposes without the Amendment.

Because item #3 is the least well recognized, we'll take moment to explain that theory (items #1 & 2 needing no explanation).

The vast majority of corporations that existed (then as now) were corporations chartered by the legislatures of the states of the Union. While the federal government had the power to lay excise taxes, such power was limited to certain subjects that were traditionally and historically within the purview of the federal government for excise purposes. There was no historical, traditional, or constitutional basis for the United States to assume it had the power to lay an excise tax on Citizens of the states of the Union who were enjoying a privilege which was sought solely from their state governments. The 1909 Corporate Tax Act had authority over corporations created by Congress, corporations created in a federal possession or territory, and corporations operating in interstate commerce, but not plain old state-charted corporations generally. Under this theory, the 16th Amendment was necessary only to bring the profits of state-charted corporations within the Constitutional reach of the federal government.

### How Does The Corporate Tax Act and the 16th Tie Together?

"[Income]must be given the same meaning, in all the Income Tax Acts of Congress that it was given in the Corporate Excise Tax Act, and what that meaning is has become definitely settled by the decisions of this court. In determining the definition of the word 'income' thus arrived at, this court has consistently refused to enter into the refinements of lexicographers or economists, and has approved in the definitions quoted, what it believes to be the commonly understood meaning of the term *which must have been in the minds of the people when they adopted the Sixteenth Amendment to the Constitution*." Merchants Loan & Trust v. Smietanka, 255 US 509 (1921)

Immediately at the end of that passage from Merchant, the very first citation provided by the Court is, Doyle. And how did the Doyle court define "income"?

*"...gain or increase arising from corporate activities."*

We wonder how much more clear the Court has to be before people will understand that "16th Amendment income" is only related to the privilege of profiting from investing in corporations.

Let's take this a bit further and explore this statement from a US Supreme Court decision:

"The word 'income' as used in the Amendment does not include a stock dividend since such a dividend is capital and not income and can be taxed only if the tax is apportioned among the several states..." Eisner v. Macomber, 252 US 189 (1920)

While a "cash dividend" represents profit to the shareholder, and is thus "income" under the 16th Amendment, a "stock dividend" is not profit that been "severed from capital" as is required to meet the definition of income under the 16th

ADMIN00010

Amendment (ibid, *Eisner*). The *Eisner* quote featured above clearly illustrates that the apportionment clause of the Constitution is alive and well and has not been repealed or substantially altered by the 16th Amendment.

Let's take a moment to evaluate where we are:

- The Constitutional question we really need to be asking is whether a particular tax is a direct tax or an indirect tax. What label that tax wears, such as "income tax", has basically become irrelevant due to misapplication of the phrase for the last 90 years.
- In historical terms, an income tax (pre-16th Amendment) was always considered to be a tax that was direct.
- In historical terms, and in the words of the US Supreme Court, the 1909 Corporate Tax Act was not an "income tax" [direct tax].
- The 1909 Corporate Tax Act was an excise tax upon the privilege of doing business in the corporate form. This is confirmed by both Congress and the US Supreme Court.
- Profit from corporate business ("16th Amendment income") is not that which the tax is laid upon, but merely a "yardstick" by which is computed the amount of tax that is due in exchange for exercising the privilege. In other words, profit from corporate business ("16th Amendment income") determines the value of the privilege, and thus the amount of tax to be paid.
- The US Supreme Court has said that the definition of "income", as used in the 1909 Corporate Tax Act, must be used by Congress for all its (16th Amendment) income tax acts.
- The US Supreme Court has stated that the definition of income used in the 1909 Corporate Tax Act is what the American people had in mind when they adopted the 16th Amendment.
- The definition of "income" as used in the 1909 Corporate Tax Act is the exact same definition that the US Supreme Court has said must be used when applying the 16th Amendment.

### Is The 16th Indirect, or Direct without Apportionment?

There has been much debate about whether the 16th Amendment authorized shareholder profits to be taxed by the federal government as a direct tax without apportionment, or merely confirmed that shareholder profits are taxable as an indirect (excise) tax, and therefore apportionment is of no constitutional concern.

At this point in history there is a judicial split. Six federal circuits see it one way, while the remaining five federal circuits see it the other way. While we feel confident that "16th Amendment income" is taxable only as an excise (for reasons too numerous to delve into here), in a broader sense we say, "Who cares?" If we know that "16th Amendment income" only applies to dividends, patronage dividends, and interest paid as profit or gain from a corporate investment, do we really care which type of tax it is? The US Supreme Court has stated that the 16th Amendment must have been intended to "harmonize" the taxing clauses of the Constitution, so whichever way one views it, a tax on "16th Amendment income" has still been deemed proper and Constitutional by the US Supreme Court. The bottom line is this: If you invest your money in corporate activities and you receive dividends, patronage dividends, or interest from your investment, you owe the tax under the authority of the 16th Amendment!

ADMIN00011

Before we leave this topic, we will tell you that in the case of *Brushaber v. Union Pacific RR, Co.*, 240 US 1 (1916), the US Supreme Court made it clear that the purpose of the Amendment was to reverse the *Pollock* decision (at least in part) by taking [corporate] investment income out of the class of a direct tax, and placing it back in the class of an indirect [excise] tax, where it "inherently belongs". [If you'd like to tie your brain in knots, we encourage you to read the *Brushaber* decision.] Interestingly, federal circuit courts on both sides of the direct/indirect issue cite Brushaber as their primary authority.

## "Business" v. Private Affairs

The law can be a tricky thing because words used in the law often times do not have the same meaning as when we use them in common speech. A prime example of that would be the word "business". When we use the word the word "business", we usually mean only that a person, or persons, is engaged in some effort to make money. We don't mean to imply any special meaning beyond that. However, when the government uses the word "business" in its laws, about 95% of the time, they mean *only* the activities of corporations (and other state-created fictional entities).

When an American Citizen engages in a non-regulated activity from which he earns his living, such activity is *not* "business", as such term is used in most statutes. When an American Citizen engages in a non-regulated activity from which he earns his living, he is actually engaged in the pursuit of his "private affairs". However, he must keep his affairs private, lest he stumble into "business"! What are some of the actions that can change your private affairs into "business"? Getting a business license; getting a resale permit; filing state or federal tax returns that reflect the earnings from your livelihood; getting involved with your state's department of Consumer Affairs, performing employee withholding under subtitle C of the Internal Revenue Code, acquiring a Taxpayer Identification Number, giving out a Taxpayer Identification Number, etc.

A "business" usually owes taxes and is generally subject to government regulation, but for most Americans the pursuit of their own "private affairs", which includes the earning of one's own livelihood, is not a taxable activity - unless you make it so.

Original Intent consultants can help you steer clear of engaging in "business". Click here for information on our consulting services, including our phone number. You can also reach us by clicking on the **"contact us"** icon in the left border of every page of this site.

Also, to better understand this issue we encourage you to read the Original Intent piece on Federal Income Tax.

## But What If I Don't Have "16th Amendment Income"?

If one does not have "16th Amendment income", then one cannot have any tax liability under the authority of the 16th Amendment. However, it is important to note that there are others activities that can give rise to liability for other forms of taxes.

A partial list of such activities might include; being an employee of the federal government or any of the governments indicated at 26 USC 3401(c); dealing in distilled spirits under any applicable parts of Title 27 of the United States Code

and Chapter 51 of the Internal Revenue Code; doing business in tobacco products covered under Chapter 52 of the Internal Revenue Code; engaging in any of the various activities covered under Subtitle D of the Internal Revenue Code, etc.

All of the above referenced activities are *excise* taxes. In other words, if one wishes to avoid the tax, stay away from the excise taxable activity.

If you don't have any 16th Amendment income, and you aren't involved in any excise taxable activity, the only way for the government to Constitutionally tax the money you earn in the course of pursuing your private affairs (which you now know includes earning your livelihood) is to do so by enacting a direct tax upon private earnings. No such tax exists today in America.

***And remember, Subtitle 'C' "employment taxes" are not upon private Citizens involved in exchanging their labor for compensation in the private sector.*** For more on this subject, go to our page on Federal Employment Taxes.

### Ratification of the 16th Amendment

There are serious and valid concerns about whether the 16th Amendment was lawfully ratified in accordance with the requirements of the US Constitution and the constitutions of the states of the Union. We will not delve into that discussion here because we are attempting to deal with the legal realities that currently exist concerning federal taxation. We hope that those who are pursuing the non-ratification cause will eventually be successful in having the faulty ratification process acknowledged by the federal government, and thus have the 16th Amendment invalidated.

If you wish to learn more about the issue of the non-ratification of the 16th Amendment, you may go to http://www.thelawthatneverwas.com/index.asp

### Is the Income Tax Voluntary?

The answer to that question is a resounding "yes"...and "no".

Over the years some people have used the sentence, "Income tax is voluntary" as a mantra; chanting it over and over again as if it has magical qualities, or as if by repeating it enough times, their own tax liability (if any) might evaporate. Unfortunately, wishing income tax liability away will not alter reality.

First we must understand that in tax matters there are two forms of "voluntary". One is the voluntary act that creates liability; the other is "voluntary compliance". The two are not the same issue.

Voluntary compliance means that when a person properly and lawfully owes any tax, that person acts independently and responsibly to file his return and pay his tax timely. Without a reasonable amount of voluntary compliance the tax system would collapse. Of course taxation in general terms is a necessary feature of government and a collapse of the nation's legitimate tax system is not in anyone's interest. What Original Intent objects to, as we believe you do, is the unlawful and coercive collection of income taxes from American Citizens concerning whom no Constitutional income tax liability exists.

ADMIN00013

Because no direct tax on private earnings exists in this country, our tax system is voluntary. But the part that is voluntary is whether or not you want to engage in excise taxable activities, and thus create liability that would not otherwise exist. However, if you choose to engage in an excise taxable activity, the tax is *not* voluntary for you any longer - you volunteered and you must pay the tax.

There is another way Americans continually volunteer to pay federal and state income tax when they would not otherwise owe anything - you give people who pay you money your Social Security Number when they request a "tax number". By doing this, you declare that the money you are being paid *is* subject to state and federal taxation, even if it was not so subject until you gave out the number! For more on this, see our Federal Income Tax article.

## What About the "Gross Income" (861) Argument?

We believe that the Gross Income argument is legally proper and sound. Its greatest proponent is undoubtedly Larken Rose. His clear and concise article on the Gross Income position can be found at http://www.taxableincome.net/report/taxinc0.html. Larken's VHS tape, *Theft By Deception*, which details the Gross Income argument in great detail, including its long statutory and regulatory history, can be acquired from Larken through his website, http://www.theft-by-deception.com

However, we want to make some important facts understood about the Gross Income argument. First, it is *not* an argument grounded upon the limits of the federal government's taxing authority under the US Constitution. *It is only a regulatory argument and should never be misconstrued as a Constitutional argument*.

Here is a critical point to understand. While Congress can never act lawfully beyond its constitutionally enumerated powers, there is no requirement forcing Congress to use a power that it has been granted. As an example, the US Constitution grants Congress the power to lay a direct tax upon the states. Congress has chosen not to enact such a tax. This same concept also extends to the regulatory side of law. Congress may well have the power to enact an excise tax that applies to more than the what is currently defined in the tax regulations as taxable income, but the Secretary of the Treasury has only promulgated regulations for what is taxable from domestic sources as indicated at 26 CFR § 1.861-8 (and its related sections). In other words, Congress may have authority to tax more sources of domestic income, but the Secretary has chosen to tax only the domestic source income that appears in the regulations.

And it should be well understood that in the absence of Congressional action, or the absence of regulatory enactments, no duty falls upon you and I as private Citizens.

## How Can An Excise Tax Be Converted To A Direct Tax?

As you may recall, one of the foundations of an excise tax is "*the element of absolute unavoidable demand is lacking*". Once this element is gone, the tax becomes a de facto direct tax, solely due to the mode of enforcement. Here is what the US Supreme Court has said on the subject:

> "[The *Pollock court*] recognized the fact that taxation on income was

ADMIN00014

in its nature an excise entitled to be enforced as such unless and until it was concluded that to enforce it would amount to accomplishing the result which the requirement as to apportionment of direct tax was adapted to prevent, in which case the duty would arise to disregard the form and consider the substance alone and hence subject the tax to the regulation of apportionment which otherwise as an excise would not apply." Brushaber v. Union Pacific RR Co., 240 US 1 (1916)

What the *Brushaber court* is saying is that any income tax, which has been structured as an excise tax, but is enforced in such a way as to effectively covert the tax to a direct tax, would cause the court to declare it unconstitutional due to lack of apportionment. What type of enforcement might effectively convert an excise tax to a direct tax? Once the demand for the tax money is unavoidable, and you can no longer avoid the demand and/or the collection of the tax, even when you have not engaged in any excise taxable activity, that is when the Executive Branch's enforcement of the tax has converted the tax, in substance, from an excise into a direct tax.

I suspect that there are probably a couple of hundred million Americans who would agree that the way the IRS enforces today's income tax has effectively converted the excise [income] tax to a direct tax, and thus the tax should be constitutionally apportioned among the state of the Union.

## Summary

This article could certainly have been at least twice as long as there is no shortage of material to examine concerning the Constitutional powers and limits of federal taxing authority. We hope that what we've given you has been effective in communicating the fundamental elements of the subject. We hope you have a better understanding of federal taxing authority than you did when you began reading the article.

Let's review what we've covered:

1. The US Constitution grants the federal government the authority to lay only two classes of taxation - direct and indirect.
2. Direct and indirect taxes are subject to Constitutional regulations concerning their mode of operation.
3. Direct taxes are subject to apportionment - even after the 16th Amendment.
4. Indirect taxes are subject to the rule of uniformity.
5. No direct tax on private earnings exists in this country - the disagreement of the federal courts notwithstanding.
6. The federal judicial circuits are split as to whether the 16th Amendment merely confirmed the government's excise taxing power concerning shareholder profits from corporate investment, or whether the Amendment created a new "special" form of direct tax that does not require apportionment.
7. In the Brushaber case, the US Supreme Court stated that any tax act under the authority of the 16th Amendment must properly be considered an excise, and is thus not subject to apportionment.
8. The definition of income used in the Corporate Tax Act of 1909 must be used in the income tax acts of Congress (passed under the authority of the 16th Amendment).

ADMIN00015

9. The definition of income used in the Corporate Tax Act of 1909 is the same definition that must be used when interpreting the 16th Amendment.
10. The 16th Amendment only pertains to "income" in the form of dividends, patronage dividends, and interest from corporate investment.
11. The 16th Amendment tax is upon the privilege (to shareholders) of operating a business as an artificial entity.
12. The 16th Amendment tax is not upon "income"; the income is only the yardstick used to determine the value of the privilege, and hence the amount of tax to be paid.
13. If you have no 16th Amendment income, you have no liability for a tax imposed under the authority of the 16th Amendment.
14. Other legitimate types of federal and state taxation do exist beyond the tax imposed under the authority of the 16th Amendment. They are all excise taxes.
15. Capital investment funds, even when invested in a corporation, are not subject to taxation except by a direct tax subject to apportionment.
16. A tax on your private earnings still needs to be apportioned to be constitutional.
17. If you wish to conduct only your private affairs, do not trespass into areas that give rise to the presumption of federal or state authority for taxation and/or regulatory authority.
18. In most statutes, "business" means the activities of a legislatively created entity such as a corporation, partnership, statutory trust, etc., and does not embrace the your private affairs, which includes your livelihood.
19. Giving out a SSN or TIN (when lawfully required) creates a powerful presumption of federal and state taxing authority over your earnings.
20. Signing any federal or state tax forms (including a Form W-4, creates a powerful presumption of federal and state taxing authority over your earnings.
21. The Gross Income argument is legally accurate, but is not intended to take the place, and does not take the place, of a constitutional argument.
22. If you choose to engage in an excise taxable activity, you *must* pay the tax.
23. If you choose to engage in an excise taxable activity, you are expected (by the government as well as your fellow citizens) to practice voluntary compliance.
24. An indirect tax can be effectively converted into a direct tax by improper enforcement by the Executive Branch. In that event, the US Supreme Court has said that it is its duty to declare the former excise tax to be a direct tax absent apportionment, and thus unconstitutional.

We hope you've found this article to be of value, and if so, we encourage you to forward the URL to others who may appreciate the information. We stand ready to assist you in any way possible concerning your private affairs. Contact Us.

TO HEAR ALL THESE ISSUES DISCUSSED WEEKLY, LISTEN TO AMERICAN RADIO.

REVEALING THE AMERICAN MATRIX
www.americanradioshow.us

ADMIN00016