DAVID A. CHAMPION
150 S. Highway 160
Unit C-8/232
Pahrump, NV 89048
Tel: (775) 234-8580

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CHAMPION,<br><br>Defendant | Case No.: CV 2:11-01175 PA (SSx)<br><br>**DECLARATION OF DAVID CHAMPION REGARDING JUDGMENT AND ORDER FOR PRELIMINARY INJUNCTION** |

I, David Champion, declare as follows:

1. I am the Defendant in the above captioned case.
2. I never received notice regarding the motion for summary judgment prior to the hearing which resulted in this order.
3. I did not find out about this hearing or judgment until several days after the hearing date through a friend who saw judgment posted via some press release.
4. On or about January 29, 2012, I received a call from an IRS agent stating he had some papers for me.
5. I gave notice to my landlord on or about December 1, 2011 that I will be closing my office and shutdown my office on or about December 15, 2011. The lease ended on December 31, 2011.

6. I had filed a change of address with the local post office around the time I stopped going to my office, and took it upon good faith that it would take about 7-14 days to start forwarding my mail. I did check mail when I turned in my keys at the beginning of January, but did not have anything.

7. Midway through third week in January, I started to get suspicious because I was not receiving any mail, and I called the local post office regarding my mail forwarding. I spoke with a supervisor on or about January 24, 2012 who apologized to me that my forwarding request had "slipped through the cracks" and that he would ensure both the delivering carrier to the old address and the one to the new address would get that rectified the next day.

8. Unknown to me and against my wishes and common sense, the tenant in suite 1 adjacent to my former office was accepting UPS and FedEx packages on my behalf. I did not receive those or any of the mail that had accumulated until on or about January 28th or 29th.

9. In effect, I was never substantively notified of the hearing, and a judgment was entered based on positions that are not my own, disputed facts and conclusions based on those faulty premises. As a result, I have been preparing and intend to file a motion to set aside judgment.

10. Until the motion to set aside is filed, and in good faith, I will address the items in the order here.

11. The pages that gave my office information in the book were removed in August 2011. To my knowledge none of the books since that time have had the office information. Furthermore, the office closed in December 2011 and the phone line long disconnected such that it would be no use to anyone who had it in a book previous to August 2011.

12. Those who purchased the books did so by sending cash only along with a piece of paper with their name and address they wished the book sent. Once the book was packaged and addressed, the piece of paper was promptly thrown in the trash. This was the standard

practice. As such, I do not have any names, addresses or email addresses of any person that bought the book.

13. Over four years ago, to any party that wished to make an appointment with me via the now nonexistent site nontaxpayer.org, or other means, it was suggested they use pseudonyms. To my knowledge, 100% of people posting to that site or were in contact with my former office did so. Additionally, it was my standard business practice not to maintain client records. Any residual office papers or effects were pretty much junk to me when I was closing my office and likely sitting in a dump somewhere.

14. Upon closing the office on or about December 15, 2011, I sold my computer via Craig's List to some person who answered the posting. We met in Las Vegas at some parking lot where he gave me cash and I gave him the computer.

15. In light of the facts mentioned above, I do not have any names, addresses, or email addresses of anyone who called me or bought the book. In full cooperation, I am happy to provide the government with the two or three pseudonyms that I can remember if they still want them.

16. The website and domain nontaxpayer.org has been shut down since sometime around mid November 2011. The domain originalintent.org is also being shut down.

17. Any remaining sites, I am trying to have the injunction posted by Monday March 19, 2012. I am reliant on more technical assistance to effectuate this and am making a best effort to do so.

18. I do not have any employees, affiliates, associate representatives, agents, or servants. As previously articulated, I also do not have any contact information nor did I maintain any records of anyone who purchased my book and engaged my services.

///
///
///
///
///

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my
2  knowledge and recollection.

4  March 15, 2012

/s/ David A. Champion
DAVID A. CHAMPION
Counsel *Pro Se*
150 S. Highway 160
Unit C-8/232
Pahrump, NV 89048
Tel: (775) 234-8580

DECLARATION OF DAVID CHAMPION REGARDING JUDGMENT AND ORDER FOR PRELIMINARY INJUNCTION
- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2012, I caused the foregoing **DECLARATION OF DAVID CHAMPION REGARDING JUDGMENT AND ORDER FOR PRELIMINARY INJUNCTION**, and all related papers, to be served by U.S. Postal Service regular mail upon the following parties and addresses:

GAVIN L. GREENE
Assistant United States Attorney
Federal Building, Room 7211
300 North Los Angeles Street
Los Angeles, California 90012

BRIAN H. CORCORAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044

/s/ David A. Champion
DAVID A. CHAMPION