UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1175 PA (SSx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | United States v. David Champion | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Set Aside Judgment filed by defendant David Champion ("Champion") (Docket No. 59). Champion seeks relief from this Court's order granting the Government's Motion for Summary Judgment ("Summary Judgment Order") and the Judgment and Permanent Injunction ("Judgment") issued on January 24, 2012. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 11, 2013, is vacated, and the matter taken off calendar.

The Government commenced this action against Champion to enjoin him from, among other things, continuing to provide advice to others concerning what the Government alleged were fraudulent and false methods for evading federal tax liabilities. The Government's Complaint, filed on February 8, 2011, asserted two claims. The first claim sought an injunction pursuant to 26 U.S.C. § 7408. Section 7408 of the Internal Revenue Code ("IRC") authorizes a district court to enjoin any person from further engaging in conduct subject to penalty under either IRC § 6700 or § 6701, if injunctive relief is appropriate to prevent recurrence of that conduct. Section 6700 provides that a penalty will be imposed against any person who organizes or assists in the organization of a partnership or other investment plan or arrangement, or participates in the sale of an interest in an entity or plan, and (a) knowingly makes, or causes to be made, a false or fraudulent statement as to the allowability of a deduction or credit, the excludability of any income, the securing of another tax benefit, because of an interest held in the entity or because of his participation in the plan, or (b) makes a gross valuation overstatement as to any material matter. Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document, knowing or having a reason to believe that it will be used in connection with any material matter arising under the internal revenue laws, and knowing that if so used it would result in an understatement of another person's tax liability. The Government's second claim sought an injunction pursuant to 26 U.S.C. § 7402, which authorizes a district court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1175 PA (SSx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | United States v. David Champion | | |

According to the Government, for a period of at least 10 years, Champion collected fees for consulting services he provided to people who have taxable income and are required to file income and employment tax returns. Champion's services included advice on how his clients could avoid meeting their tax obligations by "dropping out of the system." The Government's Complaint alleged that Champion would make himself available (for a fee) to assist clients with structuring their financial affairs in order to avoid payment of income and payroll taxes. To this end, he provided customers with advice, helped them prepare necessary paperwork (e.g., correspondence on their behalf or contractual documents when the customer desires to establish a trust), and assisted them, as an advocate, in explaining their new-found "nontaxpayer" status to their employers or business associates. He also informed them that, like him, their nontaxpayer status meant that they need not file federal tax returns.[1/] In early 2011, Champion self-published a 400-page work entitled Income Tax: Shattering the Myths. The IRS secured a copy of the publication from one of Champion's customers (Joseph Petreshek), who voluntarily provided it to "explain" and defend his conduct. In the publication, Champion identified himself as "the most knowledgeable person in the nation" with respect to its content on federal tax matters.

Champion appeared in this action pro se. According to the Federal Rule of Civil Procedure 26(f) Joint Report filed by the parties on August 8, 2011, Champion "anticipate[d] that the United States [would] seek a final disposition of this case by trial via Motion for Summary Judgment as the United States has demonstrated in virtually every 26 [U.S.C. §] 6700 [c]ase of record to date." The Government in fact filed a Motion for Summary Judgment on December 12, 2012, and set it for hearing on January 23, 2012, just one week prior to the January 30, 2012 motion cutoff date established in the Court's August 15, 2011 Scheduling Order. Defendant did not file an opposition to the Government's Motion for Summary Judgment. On January 18, 2012, the Court issued a Minute Order concluding, pursuant to Federal Rule of Civil Procedure 78, that oral argument was not necessary. The Court vacated the hearing, took the matter under submission, and informed the parties that it would notify the parties once it issued a ruling on the pending motion. On January 24, 2012, the Court issued its Summary Judgment Order granting the Government's Motion for Summary Judgment. In the Summary Judgment Order, the Court noted that, consistent with Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995), the Court could not grant a motion for summary judgment due to the non-moving party's failure to file an opposition. Id. at 725 ("[W]e have held that a motion for summary judgment cannot be granted simply because the opposing party violated a local rule.") (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993)). Instead, the Court was required to analyze the record to determine if any material disputed facts existed. Id. In accordance with the Summary Judgment Order, the Court issued its Judgment on January 24, 2012.

---

[1/]   According to the Government, Champion has not filed a federal income tax return since the mid-1990s. He was audited by the IRS in 1993 for the 1985 to 1990 tax years. For those years, as well as 1996 and 1997, he has an unpaid tax liability exceeding $800,000, exclusive of penalties and interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1175 PA (SSx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | United States v. David Champion | | |

      Nearly one year later, on January 18, 2013, Champion filed a Request to Substitute Counsel. The Court granted Champion's request and he is now represented by counsel. Champion's counsel then filed the Motion to Set Aside Judgment on January 24, 2013. Champion's Motion to Set Aside Judgment seeks relief under Federal Rule of Civil Procedure 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 "is remedial in nature and thus must be liberally applied." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002).

      For purposes of Rule 60(b)(1), "excusable neglect" includes "negligence, carelessness and inadvertent mistake," such as "when a party failed to comply with a deadline." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224 (9th Cir. 2000). This includes negligence on the part of counsel. Id. at 1223. The determination of whether neglect is excusable "is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223–24 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 3d 75 (1993)). Application of Rule 60(b) and determination of excusable neglect is committed to the sound discretion of the district court. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001).

      The concept of excusable neglect is somewhat "elastic" and "is not limited strictly to omissions caused by circumstances beyond the control of the movant." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993). It is "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (quoting Pioneer, 507 U.S. at 394, 113 S. Ct. at 1497). As the Supreme Court has noted, however, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392, 113 S. Ct. at 1496.

      Rule 60(b)(3) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To prevail under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct, and that the conduct complained of prevented the losing party from fully and fairly presenting the defense. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1175 PA (SSx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | United States v. David Champion | | |

Cir. 2004); De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained . . . ." De Saracho, 206 F.3d at 880.

"Under Federal Rule of Civil Procedure 60(b)(6), a . . . judgment may be set aside when there is any reason not previously considered in the Rule that justifies granting relief. . . . [A] party merits relief under Rule 60(b)(6) if he demonstrates 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" Cmty. Dental Servs., 282 F.3d at 1168 (first alteration added) (quoting Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971)). "The Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. . . . A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting Cmty. Dental Servs., 282 F.3d at 1168).

In his Motion, Champion contends that he is entitled to relief from the Judgment because he did not receive notice of the filing of the Government's Motion for Summary Judgment. Champion additionally asserts that the Government's Motion for Summary Judgment misstated his positions concerning the Government's taxing authority and that these misrepresentations resulted in the unfair entry of judgment against him. According to Champion, he can establish triable issues of fact that call into question the validity of the Court's Summary Judgment Order and Judgment.

The Government served its Motion for Summary Judgment on Champion at the address that Champion had used in all of his filings submitted to the Court. In his Motion, Champion now contends that he had closed his office prior to the date of the Government's service of its Motion for Summary Judgment and that a neighbor had accepted delivery of the Government's Motion without Champion's consent. Champion, however, had never notified either the Court or the Government that his address had changed. See Local Rule 83-2.7 (requiring attorney to provide notice to court and opposing counsel of changes to address, phone number, and e-mail address within five days of the change); see also Local Rule 32-2.10.3 (obligating pro se litigants to comply with the Local Rules). The Government also sent a copy of its Motion to Champion by e-mail to the e-mail address he had used in prior communications with the Government. Champion apparently claims not to have received this e-mail because many of his "emails were shut down when I closed my office."[2]

Given the statement in the Rule 26(f) Joint Report that Champion "anticipated" that the Government would file a Motion for Summary Judgment against him, the Government's communication of its intention to file such a motion when it conducted the Local Rule 7-3 pre-filing meeting of counsel with him, and Champion's failure to notify the Court or Government's counsel of his change of address

---

[2]   Champion's Supplemental Declaration actually states: "I did receive the suggested email . . . ." Given the context, this appears to be a typographical error. Champion's Reply argues that he never received the e-mail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1175 PA (SSx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | United States v. David Champion | | |

and possible abandonment of an e-mail address he had previously used, the Court cannot conclude that relief from the Summary Judgment Order and Judgment is justified based on Champion's purported "mistake, inadvertence, surprise, or excusable neglect." Although not an attorney, Champion held himself out as an "expert" on dealing with the Government in similar matters, and up to the point when he failed to oppose the Government's Motion, had litigated this matter vigorously. Indeed, Champion filed motions, oppositions, responses, and a notice of appeal. The Court had also issued its Self-Representation Order that apprised Champion of the requirements for opposing a motion for summary judgment and warned him of the perils of representing himself. Nothing about Champion's failure to file an Opposition to the Government's Motion for Summary Judgment was "excusable" under Rule 60(b)(1). Nor has Champion Demonstrated "extraordinary circumstances" beyond his control that prevented him from failing to oppose the Government's Motion. Cmty. Dental Servs., 282 F.3d at 1168. Finally, Champion's delay of nearly an entire year before filing his Motion supports a denial of his requested relief. Bateman, 231 F.3d at 1223–24.

Champion also contends that he is entitled to relief under Rule 60(b)(3) based on alleged misrepresentations made by Government's counsel in the Government's Motion for Summary Judgment. According to Champion, the Government's Motion for Summary Judgment falsely ascribed to Champion views about the limits of the Government's taxing authority that Champion does not in fact hold. In making this argument, Champion has focused on a few isolated statements contained in the Government's Motion for Summary Judgment and asserts that those specific statements do not accurately describe his views. Even assuming the truth of the factual assertions contained in Champion's self-serving declarations filed in support of his Motion, the Court concludes that Champion's statements are not sufficient to justify relief under Rule 60(b)(3). Specifically, Champion's declarations do not provide clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct. See Casey, 362 F.3d at 1260. As the Court stated in its Summary Judgment Order, it reviewed the record to determine if a material issue of fact precluded the entry of summary judgment. Even if the Government misstated some of Champion's positions, which the Court does not believe the Government did, any such misstatements were not material. Even without the disputed statements, there was, and still is, overwhelming evidence that Champion knowingly violated sections 6700 and 6701 of the Internal Revenue Code and that the Government is entitled to the Judgment and Permanent Injunction this Court issued pursuant to Internal Revenue Code sections 7402 and 7408.

For all of the foregoing reasons, the Court denies Champion's Motion to Set Aside Judgment.

IT IS SO ORDERED.